**Dana E. GAGNE, Plaintiff-Appellee,**

v.

**TOWN OF ENFIELD, Walter Skower, James C. Miczak, William T. Moryto and A. Angelo Timmerman, Defendants,**

**James C. Miczak, William T. Moryto and A. Angelo Timmerman, Defendants-Appellants.**

**No. 830, Docket 83–7697.**

United States Court of Appeals, Second Circuit.

Argued Feb. 29, 1984.

Decided May 8, 1984.

John C. Fitzgerald, Jr., Hartford, Conn. (Updike, Kelly & Spellacy, Hartford, Conn., on the brief), for plaintiff-appellee.

Francis H. Morrison, III, Hartford, Conn. (John A. Danaher, III, Day, Berry & Howard, Hartford, Conn., on the brief), for defendants-appellants.

Before KAUFMAN, OAKES and WINTER, Circuit Judges.

WINTER, Circuit Judge:

Three individual defendants, James C. Miczak, William T. Moryto and A. Angelo Timmerman, police officers in the Town of Enfield, Connecticut, appeal from that part of a judgment awarding the plaintiff Dana E. Gagne punitive damages. The award was made by the district court following a jury trial of Gagne's federal civil rights and pendent state law claims. The jury found for all defendants on every claim save a state law negligence claim against the individuals named above. It awarded $300 in compensatory damages on that claim. The court then awarded as punitive damages $21,336.40, Gagne's costs of litigating his claims.

We reverse.

## BACKGROUND

In response to a call for assistance from Gagne's wife during a domestic altercation, Officers Miczak, Moryto and Timmerman went to the Gagne home in Enfield. Words were exchanged between the officers and the plaintiff, who was belligerent and intoxicated. Gagne struck Timmerman, whereupon the officers wrestled him to the floor, handcuffed him and hit him several times with flashlights or nightsticks. Gagne, who was charged with assault of a peace officer, sustained scalp lacerations and bruises on his legs and lower back.

Gagne was subsequently acquitted of the assault charge. He then brought this action against the Town of Enfield, the three appellants and the Chief of Police. Gagne's complaint alleged violations of his civil and constitutional rights under 42 U.S.C. § 1983 and contained various pen-dent state law counts alleging assault, false imprisonment, malicious prosecution, intentional infliction of emotional distress and negligence. Neither in discovery nor in his pretrial memorandum did plaintiff specify the claimed litigation costs, $21,336.40, as an item of special damages. At trial he offered no evidence of the cost of litigating his claims.

The district judge's charge to the jury included the following instruction on punitive damages:

Now, the plaintiff has made a claim for punitive, as well as compensatory, damages. Punitive damages may be awarded for violations of the plaintiff's constitutional rights only in cases of malicious actions in gross disregard of those rights. Punitive damages for constitutional violations are not a favorite in law and should be awarded only with caution and within narrow limits.

With respect to the claims that the plaintiff has brought under state law— that is, his claims for assault, intentional infliction of emotional distress, malicious prosecution, negligence, and negligent training and supervision—you may award punitive damages to the plaintiff if you find that the acts of the defendants were violent, brutal, and wanton, or if you find that the acts of the defendants arose from hatred or ill will toward the plaintiff. If you decide to award the plaintiff punitive damages on this basis, the measure of the damages should be the reasonable expense the plaintiff has incurred in prosecuting this action, including attorney's fees.

Defendants made a timely exception to the court's submission of the issue of punitive damages under state law to the jury.

During its deliberations the jury requested further instructions as to how to calculate the amount of punitive damages. The court thereupon gave the following supplemental instruction, to which defense counsel also objected:

If you award compensatory damages or punitive damages for one or more of the

plaintiff's claims under the Constitution, you must fill in a specific dollar amount. But if you award punitive damages for one or more of the plaintiff's claims under State law, you should not fill in any dollar amount. The court, that is the Judge, will award the plaintiff an amount equal to his reasonable costs in bringing this lawsuit.

The jury's verdict, rendered in answers to special interrogatories, found for all defendants on the federal civil rights claim and the state law intentional tort claims. It awarded $300 in compensatory damages against the three appellants on a state law negligence claim. The jury answered the interrogatory as to whether punitive damages should be awarded in the affirmative, but, following the district court's supplemental instruction, did not specify an amount.

The district court then held a court hearing to determine the amount of punitive damages to be awarded. Counsel for plaintiff submitted documented litigation expenses in the amount of $21,336.40. Defendants duly objected to the proffer of this evidence, claiming: (i) such evidence should have been disclosed by the plaintiff in discovery and offered at trial; and (ii) a punitive damages award was inconsistent with a jury verdict of liability for negligence alone. Holding that under Connecticut law the court determines the amount of a punitive damages award once a jury has found an entitlement to such an award, the district court thereupon awarded the plaintiff $21,336.40 in punitive damages. This appeal followed. We reverse and remand with instructions to vacate the punitive damages award.

## DISCUSSION

The issue before us arises out of a combination of distinct federal and state law rules as to awards of punitive damages and counsel fees.

Punitive damages are awarded under 42 U.S.C. § 1983 to deter or punish violations of constitutional rights. *See Carey v. Piphus*, 435 U.S. 247, 257 n. 11,

98 S.Ct. 1042, 1049 n. 11, 55 L.Ed.2d 252 (1978) (citing cases); *Gagnon v. Ball*, 696 F.2d 17, 21 (2d Cir.1982). A successful plaintiff in a Section 1983 action is usually entitled to an award of attorney's fees under 42 U.S.C. § 1988. *Kerr v. Quinn*, 692 F.2d 875, 877 (2d Cir.1982). Whether punitive damages are to be awarded and in what amount is for the trier of fact, *Stolberg v. Members of the Board of Trustees for the State Colleges of Connecticut*, 474 F.2d 485, 489 (2d Cir.1973); whether attorney's fees are to be awarded and in what amount is for the court, 42 U.S.C. § 1988; *see Mid-Hudson Legal Services, Inc. v. G & U, Inc.*, 578 F.2d 34, 36 (2d Cir.1978). Plaintiffs such as Gagne, who do not prevail as to liability under the federal civil rights statutes listed in Section 1988, are not entitled to an award of counsel fees under that provision. *Russo v. New York*, 672 F.2d 1014, 1022–23 (2d Cir.1982).

Under Connecticut tort law, punitive damages are recoverable in some circumstances, but the award is limited to the plaintiff's litigation expenses. *Vandersluis v. Weil*, 176 Conn. 353, 358, 407 A.2d 982, 986 (1978). Whether to award the expenses of litigation and the amount of such expenses are questions to be determined by the trier of fact. In order to obtain an award of punitive damages under Connecticut law, therefore, the plaintiff must offer evidence of litigation expenses as part of his or her main case. *Venturi v. Savitt, Inc.*, 191 Conn. 588, 592–93, 468 A.2d 933, 935 (1983); *Chykirda v. Yanush*, 131 Conn. 565, 568–69, 41 A.2d 449, 450 (1945).

In the instant case, plaintiff sought punitive damages on his state law claims but failed to offer any evidence of litigation expenses at trial or in appropriate pre-trial proceedings. We can only speculate that his counsel not unreasonably believed that such evidence would be superfluous. His state law claims of intentionally tortious behavior and Section 1983 federal claims clearly overlapped to a large degree and recovery on one but not the other theory

was highly unlikely. Evidence of litigation expenses at trial, therefore, may have seemed unnecessary since award of punitive damages under Connecticut law was not likely absent recovery entitling plaintiff to fees under Section 1988. What was probably not anticipated was the also unlikely but actual jury verdict of: (i) no liability under an intentional tort or Section 1983 theory; (ii) liability on a negligence theory; *and* (iii) an entitlement to punitive damages.

We need not reach the issue of whether punitive damages may be awarded under Connecticut law where liability for negligence alone has been found, for plaintiff's failure to offer any evidence of litigation expenses at trial independently doomed his claim for punitive damages. Since the jury awarded punitive damages only on a pendent state claim, Connecticut law governs the nature of damages recoverable and those are limited to litigation expenses. Under the Seventh Amendment, the determination of the amount of such damages is a legal claim and for the jury, *see Curtis v. Loether,* 415 U.S. 189, 195–96, 94 S.Ct. 1005, 1008–09, 39 L.Ed.2d 260 (1974), and plaintiff was thus obligated to prove such expenses at trial rather than at the post-trial hearing. There was, therefore, an insufficient evidentiary basis to submit the question of punitive damages to the jury. For the reasons set forth above, we reverse and remand to the district court with instructions to vacate the award of punitive damages.