Robert Dean RALEY,
Plaintiff-Appellant,

v.

Thomas FRASER and Gary Trupe,
Defendants-Appellees.

No. 84–1274
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 26, 1984.

Betty Wheeler, Amarillo, Tex., for plaintiff-appellant.

C.A. Stein, Kelly D. Utsinger, Amarillo, Tex., for defendants-appellees.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

REAVLEY, Circuit Judge:

This is an appeal from a judgment awarding damages on a state tort claim but denying relief on a claim under 42 U.S.C. § 1983 (1982).[1] Robert Raley contends that two police officers, Thomas Fraser and Gary Trupe, in using excessive force deprived him of his constitutional rights and are liable for his damages under section 1983 and for his attorney's fees under 42 U.S.C. § 1988 (1982);[2] he also maintained pendent state claims of assault and battery, false arrest, false imprisonment, intentional infliction of emotional distress, malicious prosecution, negligence, and gross negligence. We affirm the judgment in all respects.

## I. The Facts

Officers Fraser and Trupe, while patrolling the streets of Amarillo at one o'clock in the morning, saw Raley and his friend Ken Painter knock over a small sign after leaving their car outside an all-night restaurant. The officers stopped to investigate, and the encounter between Officer Fraser and plaintiff Raley did not prove felicitous to either. Matters escalated until Raley was arrested for public intoxication and booked at the police station. Fraser applied choke holds on Raley four times during the process. Raley's arms were bruised, his face scraped, and the handcuffs raised welts on his wrists. He made two visits to a doctor during the following week, and suffered a sore throat and hoarse voice for a few weeks. There was no permanent injury.

## II. Disposition Below

After a bench trial, the district court in a thorough order found for Raley only on his pendent state assault and battery claim. The court found against Raley on his section 1983 excessive force claim because he "did not suffer sufficiently severe injuries," and because the officers acted without malice. It found against him on his claim under section 1983 for unlawful arrest, on grounds that the officers had probable cause to arrest Raley for public intoxi-

---

1. Section 1983 provides:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

2. Section 1988 provides in part:

   In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

cation and that they acted in good faith. The court awarded Raley $1,000 as actual damages for pain and mental suffering, against Fraser only. The court rejected Raley's claim for punitive damages, finding that Fraser's actions were not wanton or malicious. The court also refused to award attorney's fees because Raley did not prevail on his section 1983 claims.

## III. The Issues

Raley argues that the trial court erred (a) in ruling against him on his claim that the force used by the officers violated his constitutional rights; (b) in finding probable cause to arrest; (c) in refusing to award punitive damages; and (d) in denying attorney's fees under section 1988.

### A. *Claims of Constitutional Dimension?*

█ In analyzing whether the use of excessive force is of constitutional dimension, giving rise to redress under section 1983, this circuit has adopted the following standard:

> In determining whether the state officer has crossed the constitutional line that would make the physical abuse actionable under Section 1983, we must inquire into the amount of force used in relationship to the need presented, the extent of the injury inflicted and the motives of the state officer. If the state officer's action caused severe injuries, was grossly disproportionate to the need for action under the circumstances, and was inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience, it should be redressed under Section 1983.

*Shillingford v. Holmes,* 634 F.2d 263, 265 (5th Cir.1981).

█ Raley incorrectly argues that the trial court failed to evaluate all the factors mentioned, and instead discussed only the severity of his injuries. The court stated that it found "that the officers' actions were the product of a 'careless or unwise excess of zeal' rather than malice." As to proportionality of force to need, the court

found that Raley's "minimal resistance ... did not justify Officer Fraser's draconian measures." The court did not, however, find the disproportion to be so gross as to make section 1983 applicable. The court held that the minor bruises and scrapes suffered by Raley did not meet the *Shillingford* severity requirement. The officers' behavior did not "[amount] to an abuse of official power that shocks the conscience." *Id.* We conclude that the record supports the findings and decision of the district court.

### B. *Probable Cause*

█ Appellant challenges the trial court's findings of probable cause and good faith. We need not examine the latter, however, because the district court properly found probable cause to exist.

Under Tex.Penal Code Ann. § 42.08(a) (Vernon 1974), "[a]n individual commits an offense [namely, public intoxication] if he appears in a public place under the influence of alcohol or any other substance, to the degree that he may endanger himself or another." For probable cause to have existed, " 'the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information [must have been] sufficient in themselves to warrant a man of reasonable caution in the belief' that an offense has been or is being committed." *Brinegar v. United States,* 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1310–11, 93 L.Ed. 1879 (1949) (quoting *Carroll v. United States,* 267 U.S. 132, 162, 45 S.Ct. 280, 288, 60 L.Ed. 543 (1925)).

Raley wrongly argues that the court's finding that the officers' testimony was less credible than that of Raley's witnesses conflicts with its finding that the officers had probable cause. Though the court averred that it found the bystanders' testimony to be the more credible, it also explicitly found that Raley was "not perfectly sober" and that "[t]he officers throught [sic] that Raley had a belligerent tone in his voice, looked visibly angry, and slurred his speech." The court also stated that Raley

swayed slightly and had a flushed face and bloodshot eyes. Sufficient testimony supported these findings. Hence the officers had probable cause to believe the appellant to be under the influence of alcohol, and the court's findings are not contradictory.

■ As for the statute's requirement that the inebriety be "to the degree that [the person] may endanger himself or another," Tex.Penal Code Ann. § 42.08(a) (Vernon 1974), the officers saw a man whom they thought to be Raley throw down a sign and talk belligerently. He had gotten out of a car and might reasonably have been expected to drive sometime thereafter. The record supports the finding that the officers had probable cause to believe Raley was acting in contravention of Tex.Penal Code Ann. § 42.08(a) (Vernon 1974), and the trial court properly rejected Raley's claim for unlawful arrest.

### C. *Punitive Damages*

■ Raley argues that Fraser's actions entitle him to punitive damages as a matter of law. We cannot agree. Under Texas law, punitive damages are generally peculiarly within the province of the trier of fact. *See Armes v. Campbell*, 603 S.W.2d 249, 254 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.). This court follows the same rule. *Longoria v. Wilson*, 730 F.2d 300, 305 (5th Cir.1984).

The district court's finding was not clearly erroneous. Although the severity of the force used was disproportional to the provocation, the court's findings indicate that each of the four choke holds came in response to resistance by Raley. Raley's injuries were minimal. The district court did not clearly err in finding that Fraser acted overzealously rather than maliciously.

### D. *Attorney's Fees*

■ Should a plaintiff in a section 1983 action who prevails on a pendent state law claim and fails on his section 1983 claim be considered a "prevailing party" for purposes of 42 U.S.C. § 1988 (1982)? The district court ruled that a plaintiff so situated should not recover attorney's fees. We agree.

The language of section 1988 unambiguously provides that in an action to enforce section 1983, the court, "in its discretion, may allow the *prevailing* party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988 (1982) (emphasis added). At issue is the construction of "prevailing party." This court has construed this statutory language in *Williams v. Thomas*, 692 F.2d 1032, 1036 (5th Cir.1982), *cert. denied*, —— U.S. ——, 103 S.Ct. 3115, 77 L.Ed.2d 1369 (1983), under facts similar to but not identical with ours:

> [It] is significant that the district court rendered judgment for [the plaintiff] based upon his successful state pendent tort action. In *Maher v. Gagne*, 448 U.S. 122, [132 n. 15] 100 S.Ct. 2570, 2576 n. 15, 65 L.Ed.2d 653 (1980), the Supreme Court intimated that a party prevailing on a substantial claim that is pendent to a civil rights claim is entitled to a recovery of attorney's fees when the civil rights claim and the pendent claim arise out of a common nucleus of operative facts.

The court elaborated the several circuit court cases it found following this direction: "These cases demonstrate that the federal courts are aware of the fact that often a court will affirm a judgment on a pendent, noncivil rights claim when to do so will allow it to avoid an unneccessary decision on a difficult constitutional issue." 692 F.2d at 1036. In *Williams*, the trial court rejected the jury finding in favor of the good faith defense, decided there was liability on the section 1983 claim, and awarded $500 as compensation for the section 1983 claim and the pendent assault and battery claim. The appeals court affirmed the award of $500 in compensatory damages, deciding the case on state-law grounds and not reaching the section 1983 claim, and reversed and remanded for the proper determination of attorney's fees. *Id.* at 1041.

Here we have a different case. The trier of fact specifically found that Raley's con-

stitutional rights were *not* infringed by Officer Fraser's overzealous actions. Hence *Williams*, though superficially similar to this case, presents quite a different situation from that which we now face.

The Fourth Circuit was the first to address this question and to distinguish cases in which trial courts ruled on pendent rather than constitutional claims, such as *Lund v. Affleck*, 587 F.2d 75 (1st Cir.1978), and *Seals v. Quarterly County Court*, 562 F.2d 390 (6th Cir.1977). Wasting no words in rejecting the applicability of those cases, the Fourth Circuit has stated:

> In those cases, ... despite the presence of a substantial constitutional claim, the trial court had elected to dispose of the case on the statutory or nonconstitutional grounds of the pendent claim rather than address the constitutional question. Concededly, the legislative history of the Fees Act [§ 1988] supports the award of fees in such circumstances where the trial court has declined to pass upon the constitutional claim. However, we find nothing in the statute, the legislative history, or decisions on the subject which would require or justify an award of attorney's fees in a case where the plaintiff has lost on the constitutional issue after a plenary trial. Accordingly, the denial of fees in this case was proper.

*Haywood v. Ball*, 634 F.2d 740, 743 (4th Cir.1980) (citation omitted); *see Bunting v. City of Columbia*, 639 F.2d 1090, 1095 (4th Cir.1981) (denying attorney's fees where constitutional claims decided against plaintiffs, though grievance hearing granted pursuant to state law).

The Third Circuit has addressed this point precisely:

> Here the district court did reach both the federal constitutional question and the related state law question, and here we have concluded that the claimant of the attorney's fees has not prevailed in the § 1983 claim. Thus, the question reduces itself to one of statutory construction: if, as a result of an adjudication, one is the losing and not the prevailing party on a § 1983 claim, may he be entitled nevertheless to attorney's fees on the strength of his success on a related state law claim? We do not think so.... The statute plainly limits fee awards to "the prevailing party" "[in] any action or proceeding to enforce a provision of [section] 1983." The losing party is not the prevailing party; what is black cannot be called white.

*Luria Bros. & Co. v. Allen*, 672 F.2d 347, 357 (3d Cir.1982) (quoting 42 U.S.C. § 1988 (1982)). The court further stated that it found no legislative intent suggesting a contrary result. *Id.*

Likewise, the Eighth Circuit has, after considering in detail the House Report accompanying 42 U.S.C. § 1988,[3] reached the same conclusion. *Reel v. Arkansas Department of Correction*, 672 F.2d 693, 698 (8th Cir.1982). In *Reel* the court held that the plaintiff was not a "prevailing party" under the statute, stating: "the district court did not avoid reaching the constitutional issue because the pendent claim was dispositive, it found that [the plaintiff] had no constitutional claim at all." *Id.* Moreover, the court noted that the plaintiff's

---

**3.** To the extent a plaintiff joins a claim under one of the statutes enumerated in [§ 1988] with a claim that does not allow attorney fees, that plaintiff, if it prevails on the non-fee claim, is entitled to a determination on the other claim for the purpose of awarding counsel fees. *Morales v. Haines*, 486 F.2d 880 (7th Cir.1973). In some instances, however, the claim with fees may involve a constitutional question which the courts are reluctant to resolve if the non-constitutional claim is dispositive. *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). In such cases, if the claim for which fees may be awarded meets the "substantiality" test, *see Hagans v. Lavine, supra; United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), attorney's fees may be allowed even though the court declines to enter judgment for the plaintiff on that claim, so long as the plaintiff prevails on the non-fee claim arising out of a "common nucleus of operative fact." *United Mine Workers v. Gibbs, supra* at 725, 86 S.Ct. 1130 [at 1138]. H.R.Rep. No. 1558, 94th Cong., 2d Sess. 4 n. 7 (1976), *as quoted in Reel v. Arkansas Dept. of Correction*, 672 F.2d 693, 698 (8th Cir.1982).

"claims of assault and battery are not the type of pendent claims for which courts have awarded attorney's fees in the past under §1983." *Id.*

In *Russo v. State of New York*, 672 F.2d 1014, 1023 (2d Cir.), *modified*, 721 F.2d 410 (2d Cir.1982), the Second Circuit addressed the issue somewhat differently. Citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), which the court interpreted as foreclosing an expansive interpretation of section 1988, it stated that, although "Congress has provided that a prevailing party in a section 1983 action can recover attorney's fees, ... it has not provided that a prevailing party in a malicious prosecution action can do so." 672 F.2d at 1023. The *Russo* court held that "because [the plaintiff] did not prevail on his civil rights claim under 42 U.S.C. §1983, he is not entitled to attorney's fees." *Id.* at 1022. More recently the Second Circuit has stated outright: "Plaintiffs ... who do not prevail as to liability under the federal civil rights statutes listed in Section 1988, are not entitled to an award of counsel fees under that provision." *Gagne v. Town of Enfield*, 734 F.2d 902, 904 (2d Cir.1984).

We adopt the reasoning of these cases in affirming the trial court's denial of attorney's fees. In doing so, we do not disturb the precedent of such cases as *Williams v. Thomas*, 692 F.2d 1032 (5th Cir.1982), *cert. denied*, —— U.S. ——, 103 S.Ct. 3115, 77 L.Ed.2d 1369 (1983), and *Gibbs v. Town of Frisco City*, 626 F.2d 1218 (5th Cir.1980), in which this court held that attorney's fees were proper where the plaintiff prevailed on pendent nonconstitutional claims and the court either reached and upheld, or did not reach, substantial constitutional claims. Because the court in the instant case *did* reach the constitutional issue and found against the plaintiff on that claim, we cannot now say that award of such fees would have been proper.

AFFIRMED.