**Joseph HICKS, et al.**

v.

**CITY OF WESTBROOK.**

Supreme Judicial Court of Maine.

Argued Sept. 8, 1994.

Decided Oct. 28, 1994.

Leland N. Chisholm (orally), Graydon G. Stevens, Kelly, Remmel & Zimmerman, Portland, for plaintiffs.

Francis M. Jackson (orally), Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

RUDMAN, Justice.

■ The City of Westbrook appeals from the entry of an order in the Superior Court (Cumberland County, *Bradford, J.*) awarding Joseph Hicks attorney fees pursuant to 42 U.S.C. Section 1988.[1] The City contends that Hicks is not a "prevailing party" entitled to an award of attorney fees because he received an adverse judgment on his civil rights claim, 42 U.S.C. § 1983,[2] against the City for the alleged use of excessive force by one of its police officers during an arrest. We agree with the City and vacate the award of attorney fees and costs.

Joseph Hicks, James Burnham, and Michael Pooler brought a ten-count complaint against the City of Westbrook and several of its police officers. The complaint described three unrelated incidents and alleged that the officers violated the plaintiffs' constitutional and state law rights. Following disposition of the other plaintiffs' cases, and Hicks's dismissal of an officer as an individual defendant, Hicks's case proceeded to trial against the City on the claims based upon section 1983, state common law, and the Maine Tort Claims Act (MTCA).

The jury found that the city police officer used unreasonable force, but that the City did not have a "policy or custom, amounting to deliberate indifference, of employing inad-

equately trained police officers amounting to approval of the use of excessive force against arrestees by its police officers." The jury found that the City did have such a policy or custom of "inadequately supervising and disciplining its police officers amounting to approval of the use of excessive force against arrestees," but that this policy was not the "direct cause" of the officer's use of unreasonable force against Hicks. In accordance with the jury's findings, a judgment was entered for Hicks on his MTCA and common law claims in the amount of $2650.00 plus interest and costs, and for the City on his section 1983 claim.

Hicks moved for an award of attorney fees and costs pursuant to 42 U.S.C. Section 1988. The court granted Hicks's motion for attorney fees and costs of $28,045.03. The City challenges the entry of this order.

The determination of prevailing party status is a question of fact, subject to review for clear error. *Lummi Indian Tribe v. Oltman,* 720 F.2d 1124 (9th Cir.1983). Hicks argues that the jury's findings that the officer used excessive force and that the City maintained a policy of inadequate supervision and discipline are sufficient to confer prevailing party status, and further argues that success on the state law claim is sufficient to justify an award of attorney fees.

The City's response prevails. Hicks lost on his section 1983 claim. He obtained two favorable jury findings, but failed to establish the link necessary for prevailing party status. In *City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), the United States Supreme Court held that in order for inadequate training to form the

---

1. 42 U.S.C. § 1988(b) reads in pertinent part:

   In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, the Religious Freedom Restoration Act of 1993, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, *other than the United States,* a reasonable attorney's fee as part of the costs. 42 U.S.C.A. § 1988 (Supp.1994).

2. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of

   any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. 42 U.S.C.A. § 1983 (1994).

basis for municipal liability pursuant to section 1983, the failure to train must amount to "deliberate indifference to the rights of persons with whom the police come into contact." *Id.* at 388, 109 S.Ct. at 1204. The Court further explained that the "deficiency in a city's training program must be closely related to the ultimate injury." *Id.* at 391, 109 S.Ct. at 1206. On the heels of *Canton,* the Court decided *Bordanaro v. McLeod,* 871 F.2d 1151 (1st Cir.1989), *cert denied,* 493 U.S. 820, 110 S.Ct. 75, 107 L.Ed.2d 42 (1989), and applied the same standard to an allegation that the defendants maintained a "custom or policy of gross negligence amounting to deliberate indifference in the recruitment, training, supervision or discipline of its police officers." *Id.* at 1155. "In order to hold the city liable for their injuries under § 1983, the plaintiffs must also establish that there was a direct causal connection between the policy of inadequate recruitment, training, supervision or discipline and the deprivations of their constitutional rights." *Id.* at 1162.

Hicks satisfied only two of the three requirements: that the City employee used excessive force on the plaintiff, and that the police maintained a policy of inadequate supervision and discipline "amounting to approval of the use of excessive force against arrestees by its police officers." He failed to establish the third requirement as evidenced by the jury finding that the city's policy was not the direct cause of the use of excessive force. Accordingly, a judgment against him on his section 1983 claim was properly entered.

■ An adverse judgment on the civil rights claim generally precludes an award of attorney fees and costs. "Plaintiffs ... who do not prevail as to liability under the federal civil rights statutes listed in Section 1988, are not entitled to an award of counsel fees under that provision." *Gagne v. Town of Enfield,* 734 F.2d 902, 904 (2nd Cir.1984). While prevailing party status does not require a completely favorable judgment on all claims, Hicks failed utterly to satisfy the standard for determining prevailing party status articulated by the Supreme Court in *Texas State Teachers Association v. Garland Ind. School Districts,* 489 U.S. 782, 109 S.Ct.

1486, 103 L.Ed.2d 866 (1989) and reasserted in *Farrar v. Hobby,* —— U.S. ——, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby,* —— U.S. at ——, 113 S.Ct. at 573. The requisite alteration in the legal relationship may occur in a number of ways other than by a direct and complete judgment for money damages on the merits of the section 1983 claim. Prevailing party status may attach to a plaintiff who obtains injunctive relief. *See, e.g., Thiboutot v. State,* 405 A.2d 230, 238 (Me.1979), *aff'd.,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). It may attach when the court enters a consent decree vindicating a party's constitutional rights. *See e.g., Maher. v. Gagne,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980). When the lawsuit serves as a "catalyst" for the kind of reform the plaintiff seeks. *See e.g., Pearson v. Fair,* 980 F.2d 37 (1st Cir.1992). Hicks's case fits none of these situations.

Hicks succeeded only on his state law claim. He argues this is sufficient to support the section 1983 claim and justify an award of attorney fees and costs. We disagree. Hicks relies on a line of cases joining state and federal state claims that are resolved on state law grounds. They instruct that in certain circumstances, success on the state law claim may be sufficient to bring an action within section 1988. *Exeter–West Greenwich Regional Sch. District v. Pontarelli,* 788 F.2d 47 (1st Cir.1986), succinctly explained the circumstances in which this applies: "[T]he merits test is met, and attorney's fees may be awarded, when a party prevails not on any part of the § 1983 claim, but on a pendent, nonconstitutional claim, if the § 1983 claim was 'substantial and ... the successful pendent claim arose from the same nucleus of facts.'" *Id.* at 50 (quoting *Lund v. Affleck,* 587 F.2d 75, 77 (1st Cir.1978)). In *Raley v. Fraser,* 747 F.2d 287 (5th Cir.1984), the court directly contrasted the policy underlying the merits test with a situation similar to the instant case. The policy acknowledges that courts will sometimes prefer to rest cases on state law grounds and leave the section 1983

issues untouched. *Id.* at 290. The section 1983 issues did not go untouched in Hicks's case. Hicks lost on these issues. He fails the merits test. "A party who only asserts and prevails on a state law claim cannot recover attorney's fees under § 1983. Likewise, if that same party joins with his state claim a federal claim under § 1983 which is adjudicated to be without merit with respect to attorney's fees he stands in no different position." *Jackson v. Town of Searsport,* 456 A.2d 852, 855 (Me.1983) (footnote omitted).

The favorable judgment Hicks obtained on his state law claim does not change the character of the unfavorable judgment on the section 1983 claim. That the claims may stem from the same incident is irrelevant when the section 1983 claim, as in his case, is decided adversely. Hicks was not entitled to attorney fees and costs pursuant to section 1988.

The entry is:

Judgment vacated. Remanded for entry of judgment in favor of the City of Westbrook on Plaintiff Hicks's motion for attorney fees pursuant to 42 U.S.C. § 1988.

All concurring.