2003 ME 129

**Norman BANGS et al.**

v.

**TOWN OF WELLS.**

Supreme Judicial Court of Maine.

Argued: Jan. 15, 2003.
Decided: Oct. 31, 2003.

Catherine R. Connors, Esq. (orally), Matthew D. Manahan, Esq., Helen L. Edmonds, Esq., Pierce Atwood, Portland, for plaintiffs.

Susan B. Driscoll, Esq. (orally), Christian L. Barner, Esq., Bergen & Parkinson, LLP, Kennebunk, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, CALKINS, and LEVY, JJ.

SAUFLEY, C.J.

[¶ 1] Norman Bangs and the Blueberry Ridge Mobile Village, Inc.,[1] appeal from the judgment of the Superior Court (York County, *Crowley, J.*) denying Bangs's request for attorney fees pursuant to 42 U.S.C. § 1988 (2000). Bangs argues that, because his claims were not ordinary zoning challenges, he was a prevailing party pursuant to § 1988 and that he is entitled

---

1. Bangs and Blueberry Ridge are separate legal entities, but for the purpose of this appeal, we will refer to the appellants collectively as "Bangs."

to attorney fees because no special circumstances exist to justify the denial of an award. Because, pursuant to federal jurisprudence, Bangs was a prevailing party, we vacate the judgment and remand for further consideration of attorney fees.

## I. BACKGROUND

[¶ 2] This appeal of the Superior Court's denial of attorney fees pursuant to § 1988 follows our decision in the underlying dispute. *See Bangs v. Town of Wells,* 2000 ME 186, 760 A.2d 632. In that case, Bangs sought to combine two abutting parcels with the Blueberry Ridge Mobile Village, a mobile home park owned by Bangs, to create thirty-eight additional lots for mobile homes. *Id.* ¶¶ 2, 4, 760 A.2d at 633, 634. The Rural District Zone, within which Blueberry Ridge was located, did not permit the development of mobile home parks within its territory. *Id.* ¶ 3, 760 A.2d at 634. Blueberry Ridge was a nonconforming, grandfathered property pursuant to the Wells Land Use Ordinance. *Id.* Concluding that the expansion proposed by Bangs would violate the Wells ordinance, the code enforcement officer denied Bangs's request to combine parcels to create new mobile home lots, and the Wells Zoning Board of Appeals upheld this decision. *Id.* ¶¶ 5, 6, 760 A.2d at 634.

[¶ 3] Bangs appealed from the ZBA decision pursuant to M.R. Civ. P. 80B, and filed two independent claims, including a claim based on 42 U.S.C. § 1983 (2000) alleging equal protection violations. *Id.* ¶¶ 7, 9, 760 A.2d at 634, 635. The Superior Court (*Brennan, J.*), addressing the 80B appeal, affirmed the decision of the ZBA. *Id.* ¶ 7, 760 A.2d at 634. The Superior Court held that Blueberry Ridge was a "'nonconforming use,'" which could not "expand beyond mere changes to existing structures" under the ordinance. *Id.*

[¶ 4] On the two independent claims, which were tried separately, Bangs raised the following issues: (1) whether the Wells Land Use Ordinance, as it applied to Bangs, denied him equal protection under the federal and state constitutions; and (2) whether the Town failed to meet its obligations, pursuant to 30–A M.R.S.A. § 4358(3)(M) (1996), to provide reasonable consideration for the expansion of mobile home parks in their existing locations.[2] *Id.* ¶¶ 8, 9, 760 A.2d at 634–35.

[¶ 5] The Superior Court (*Crowley, J.*) found against Bangs on both counts, and Bangs appealed from the judgment. *Id.* ¶ 8, 760 A.2d at 634. We held that the ordinance violated 30–A M.R.S.A. § 4358(3)(M) and was "invalid insofar as it prohibits the reasonable consideration of expansion of existing mobile home parks." *Id.* ¶ 21, 760 A.2d at 638. Because we decided Bangs's claim solely on statutory grounds, we did not address his claim that the ordinance violated his equal protection rights under the state and federal constitutions. *Id.* ¶ 10 n. 5, 760 A.2d at 635 ("'[W]e avoid expressing opinions on constitutional law whenever a non-constitutional resolution of the issues renders a constitutional ruling unnecessary.'") (quoting *Your Home, Inc. v. City of Portland,* 432 A.2d 1250, 1257 (Me.1981)).

---

2. Pursuant to 30–A M.R.S.A. § 4358(3)(M) (1996), municipalities are required to:

permit mobile home parks to expand and to be developed in a number of environmentally suitable locations in the municipality with reasonable consideration being given to permit existing mobile home parks to expand in their existing locations. A mu-

nicipality may not select a location for mobile home park development which is not reasonably suitable because of:
    (1) Prior lot division;
    (2) Locational setting within the municipality;
    (3) Natural features; or
    (4) Other similar factors.

[¶ 6] When the case was remanded to the Superior Court, Bangs filed an application for an award of attorney fees pursuant to M.R. Civ. P. 54(b)(3) and 42 U.S.C. § 1988. The Superior Court denied Bangs's request, concluding, after thoughtful analysis, that "even were Bangs to be considered a 'prevailing party' for purposes of an award of attorney's fees under § 1988, special circumstances exist that warrant the denial of those fees." Specifically, the court cited a reluctance to federalize routine zoning cases. This appeal followed.

## II. STANDARD OF REVIEW

[¶ 7] The first step in the analysis is the determination of prevailing party status, and "is a question of fact, subject to review for clear error." *Hicks v. City of Westbrook*, 649 A.2d 328, 329 (Me.1994). Federal courts review the ultimate decision to award or deny § 1988 attorney fees for abuse of discretion. *See, e.g., New England Reg'l Council of Carpenters v. Kinton*, 284 F.3d 9, 30 (1st Cir.2002) (reviewing the "district court's grant or denial of attorneys' fees for manifest abuse of discretion, mindful that the district court has an 'intimate knowledge of the nuances of the underlying case'") (citing *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 292 (1st Cir.2001)); *Raishevich v. Foster*, 247 F.3d 337, 344 (2d Cir.2001) (applying a highly deferential standard and reversing "only for an abuse of discretion"); *Barnes Found. v. Township of Lower Merion*, 242 F.3d 151, 157 (3rd Cir.2001); *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir.2001) ("The standard of review on appeal is whether the district court abused its discretion in awarding attorney fees."). Accordingly, we review the factual determination regarding prevailing party status for clear error and the final decision to award or deny attorney fees, including the existence of special circumstances, for abuse of discretion.

## III. STATUTORY ANALYSIS

### A. Prevailing Party Determination

[¶ 8] The Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988(b), provides that in any action or proceeding to enforce a provision of § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Thus, in order to receive an award of attorney fees, a party must be a "prevailing party." *Farrar v. Hobby*, 506 U.S. 103, 109, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). Notwithstanding the discretion anticipated by the statutory language, the Supreme Court's "generous formulation" of the term prevailing party allows a party who files multiple related counts, including a § 1983 claim, but prevails on other grounds, to obtain attorney fees pursuant to § 1988. *Id.* (internal quotations omitted).

[¶ 9] However, this formulation does not allow every party asserting a § 1983 claim to obtain attorney fees. If a judgment is entered against the complainant on the § 1983 claim, the complainant is not entitled to fees even if successful on other grounds. *Hicks*, 649 A.2d at 330–31. If, on the other hand, a complainant is successful on a nonconstitutional ground, and no judgment is entered on the § 1983 claim, a complainant may be eligible for attorney fees pursuant to § 1988 if three requirements are met. First, the relief granted to the party must result in the "material alteration of the legal relationship of parties." *Id.; Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). A "material alteration" exists when a party receives " 'at least some relief on the merits of his

claim." ' *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603–04, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (quoting *Hewitt v. Helms*, 482 U.S. 755, 760, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987)). Second, the successful pendent claim must arise from the same nucleus of operative facts. *Hicks*, 649 A.2d at 330; *Williams v. Hanover Hous. Auth.*, 113 F.3d 1294, 1298 (1st Cir.1997). Third, the federal claim must be "substantial." *Hicks*, 649 A.2d at 330; *Williams*, 113 F.3d at 1298.

[¶ 10] Bangs clearly satisfies the first two requirements of the test. We materially altered the legal relationship of the parties by holding that the Town ordinance was "invalid insofar as it prohibit[ed] the reasonable consideration of expansion of existing mobile home parks" and by requiring the Town to provide reasonable consideration of Bangs's expansion proposal. *Bangs*, 2000 ME 186, ¶ 21, 760 A.2d at 638. In addition, the claims share a common nucleus of operative facts—the ordinance's prohibition of the expansion of mobile home parks. However, the third requirement, that the federal claim be substantial, necessitates a closer examination.

[¶ 11] Although a party need not explicitly prevail on a § 1983 action to establish the existence of a substantial federal claim, *Maher v. Gagne*, 448 U.S. 122, 127 n. 9, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980), the state and federal claims must be "factually and legally interconnected" to establish the existence of a substantial federal claim. *See Aubin v. Fudala*, 782 F.2d 287, 291 (1st Cir.1986).

[¶ 12] When the gravamen of a complaint centers on a zoning dispute, the legal interconnection establishing a *substantial* federal claim is often absent. As the Superior Court correctly noted, courts are reluctant to allow constitutional claims in ordinary zoning disputes. *See, e.g.,*

*Creative Env'ts Inc. v. Estabrook*, 680 F.2d 822, 833 (1st Cir.1982). This reluctance to "federalize" zoning stems from the concern that every appeal from a zoning board decision " 'necessarily involves some claim that the board exceeded, abused, or 'distorted' its legal authority in some manner ... [and][i]t is not enough simply to give these state law claims constitutional labels ... in order to raise a substantial federal question under section 1983.' " *Macone v. Town of Wakefield*, 277 F.3d 1, 10 (1st Cir.2002) (quoting *Creative Env'ts, Inc.*, 680 F.2d at 833).

[¶ 13] Accordingly, in ordinary zoning disputes, the invocation of § 1983 is neither necessary nor appropriate because the due process mechanisms provided by municipalities and the courts afford adequate protection. We have unambiguously stated that "plaintiffs have an obligation to recognize that every unfavorable result before a planning board does not automatically rise to the level of a constitutional deprivation." *Burr v. Town of Rangeley*, 549 A.2d 733, 735 (Me.1988). *Cf. Chongris v. Bd. of Appeals of the Town of Andover*, 811 F.2d 36, 42 (1st Cir.1987)) ("[T]he mere fact that a municipal board zigged when it should have zagged, without more, will not serve to engage the heavy-duty machinery of the Civil Rights Acts.").

[¶ 14] Thus, in many zoning disputes, the essential legal interconnection between the federal and state claims necessary to the establishment of prevailing party status will not be found to exist. However, when this interconnection does exist in land use matters, the complainant may achieve prevailing party status pursuant to § 1988. *See Ortiz de Arroyo v. Barcelo*, 765 F.2d 275, 281–83 (1st Cir.1985) (upholding the district court's award of attorney fees because the plaintiffs were prevailing parties and successful in their effort to remove land use restrictions from their property);

*Q.C. Construction Co. v. Gallo,* 649 F.Supp. 1331, 1338–39 (D.R.I.1986) (holding that the prevailing party was entitled to attorney fees pursuant to § 1988 after finding that a property use regulation was unconstitutional).

[¶ 15] If the present matter were an ordinary zoning dispute, there would be little question that Bangs would not be entitled to fees, and the trial court's well-placed concern about the federalization of routine zoning disputes would carry the day. We conclude, however, that Bangs's efforts to challenge a discriminatory local ordinance presented a *substantial,* although not ultimately dispositive, federal claim.

[¶ 16] Specifically, Bangs's allegation of disparate treatment had been recognized and addressed in state legislation aimed at reducing discrimination against mobile home housing. Determining that Bangs was entitled to relief pursuant to a statute aimed at redressing perceived discriminatory treatment against mobile home parks, we concluded that it was unnecessary to express an opinion on Bangs's constitutional claims. *Bangs,* 2000 ME 186, ¶ 21 n. 11, 760 A.2d at 638. The protection from discrimination provided under the mobile home parks statute provides the essential legal interconnection between Bangs's state and federal claims. *Cf. Macone v. Town of Wakefield,* 277 F.3d at 10 (rejecting equal protection claim of individual applicant, noting "[t]his case does not concern a blanket ordinance or regulation ruling against a certain type of housing"). This connection, which does not exist in ordinary zoning disputes, satisfies the third requirement of the test and, therefore, Bangs must be considered to be a

prevailing party for the purposes of § 1988.

B. Special Circumstances

[¶ 17] Once the successful litigant has been found to be a "prevailing party," "the court, *in its discretion,* may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b) (emphasis added). The text of § 1988 purports to give discretion to the trial court judge in awarding attorney fees. However, this discretion has been substantially restricted by federal courts, necessitating the judicially created "special circumstance exception," which holds that a "prevailing [party] *should* ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart,* 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (emphasis added) (internal quotations omitted). Accordingly, although judicial discretion is not explicitly restricted by federal statute, we are constrained by the substantial federal jurisprudence on this point.

[¶ 18] Moreover, in an effort to further the congressional intent prompting the enactment of § 1988,[3] most courts narrowly apply the special circumstances exception. *See, e.g., Williams,* 113 F.3d at 1300 (stating that the district court's discretion "must be guided by the statutory presumption that fees should be awarded to successful plaintiffs absent unusual situations"); *Love v. Deal,* 5 F.3d 1406, 1410 (11th Cir.1993) (stating that "[b]ecause the special circumstances exception is a judicially created concept, we have held that it should be construed narrowly so as not to interfere with the congressional purposes behind the fee award statute[ ]"); *Hatfield v. Hayes,* 877 F.2d 717, 720 (8th Cir.1989)

---

**3.** Congress enacted § 1988 with the intent to protect constitutional rights by encouraging plaintiffs to seek relief under the Civil Rights Act. *See Maher v. Gagne,* 448 U.S. 122, 132–33, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980).

(stating that "[b]ecause the language of § 1988 does not include the 'special circumstances' exception, this judicially created exception should be narrowly construed"); *Taucher v. Rainer,* 237 F.Supp.2d 7, 15 (D.D.C.2002) (stating that "[s]pecial circumstances ... have been held to be quite rare and the exception is narrowly construed") (quoting *Turner v. D.C. Bd. of Elections & Ethics,* 170 F.Supp.2d 1, 6 (D.D.C.2001)).

[¶ 19] Determining what facts will give rise to a special circumstances exception has proven no easy task. Although united in their desire to embrace the intent of Congress, federal courts diverge in their application of the special circumstances exception. *Peter v. Jax,* 187 F.3d 829, 837–38 (8th Cir.1999) (applying a totality of the circumstances approach to determine whether special circumstances exist to render the award of attorney fees unjust); *Seattle Sch. Dist. No. 1 v. State of Washington,* 633 F.2d 1338, 1348 (9th Cir.1980) (applying a "balancing of the equities" approach to determine whether the existence of special circumstances render the award of attorney fees unjust); *Williams,* 113 F.3d at 1301 (requiring "a showing of 'outrageous' or 'inexcusable' conduct by plaintiffs (or plaintiffs' counsel) during the litigation of the case" to invoke the special circumstances exception) (quoting *Lewis v. Kendrick,* 944 F.2d 949, 956 (1st Cir.1991)).

■ [¶ 20] However, we need not decide the general applicability of the special circumstances exception in this instance because we conclude that the sole fact that the meritorious claim of discrimination arose in the context of a zoning dispute is insufficient to constitute a special circumstances exception to the award of fees.[4] Because the court found no other special circumstances justifying the denial, Bangs is entitled to reasonable attorney fees under § 1988. However, even in a case where attorney fees are to be awarded, the trial court retains the discretion to adjust the amount if the fee application does not reflect a good faith effort to exclude excessive, redundant, or unnecessary hours accruing fees; reduce fees for time spent on unsuccessful claims; or reduce fees based on the plaintiff's limited degree of success. *See Gay Officers Action League,* 247 F.3d at 295–99; *see also Williams,* 113 F.3d at 1301. Thus, the amount of those fees must be left to the reasonable determination of the trial court.[5]

The entry is:

Judgment vacated and remanded to the Superior Court for a determination of an award of reasonable attorney fees.

---

4. As noted above, the unique nature of a zoning dispute is addressed in the "prevailing party" analysis and will often turn on whether there is a sufficient nexus between the state and federal claims.

5. Bangs's request that the matter be remanded to a different trial judge is without merit.