2007 ME 119

Timothy W. KILROY

v.

NORTHEAST SUNSPACES, INC., et al.

Supreme Judicial Court of Maine.

Argued: April 10, 2007.

Decided: Aug. 28, 2007.

 

Harold L. Stewart II, Esq. (orally), Stewart Law Office, P.A., Presque Isle, (for Northeast Sunspaces), William J. Kelleher, Esq. (orally), Marden Dubord Bernier & Stevens, Waterville, (for Four Seasons Solar Products), for defendants.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

CALKINS, J.

[¶ 1] Timothy W. Kilroy obtained a money judgment, after a jury trial, against Northeast Sunspaces, Inc. and Four Seasons Solar Products, LLC for breach of contract, breach of express warranty, and violation of the Unfair Trade Practices Act (UTPA), 5 M.R.S. §§ 205–A to 214 (2006). He sought an award of attorney fees for the UTPA violation, but the court (Penobscot County, *Hjelm, J.*) denied his request, and he appeals from the denial. Kilroy argues that the court erred in finding that he failed to comply with the notice requirement of the UTPA and that Northeast and Four Seasons had not waived the lack of notice defense. We disagree with his contentions and affirm the judgment.

## I. BACKGROUND

[¶ 2] In 1997 Kilroy contracted with Northeast for the purchase and installation of a sunroom. Northeast was a franchisee of Four Seasons, and Four Seasons designed and manufactured the sunroom. Soon after the installation, Kilroy began to have problems with the sunroom, including the penetration of rainwater. Kilroy communicated his concerns to Northeast, but was displeased with the efforts of Northeast to correct the problems. Kilroy wrote a letter in March 2001, to Four Seasons outlining the difficulties with the sunroom and with Northeast. There were some communications between Kilroy and Four Seasons, and Kilroy wrote a second letter

Stephen E.F. Langsdorf, Esq., Jeffrey T. Edwards, Esq. (orally), Preti Flaherty Beliveau & Pachios, LLP, Portland, for plaintiff.

to Four Seasons in which he demanded damages for the replacement cost of the sunroom. He did not expressly state he would be filing a lawsuit.

[¶ 3] In May 2002, Kilroy slipped and fell while removing buckets of rainwater from the sunroom. His attorney sent a letter to Four Seasons on November 20, 2002, stating that Kilroy "seriously injured himself when attempting to deal with leaks caused by the negligent construction and/or design of the Four Seasons sunroom that was installed in his home in December 1997." The letter went on to state that Kilroy intended to pursue a claim against Four Seasons for damages for his personal injuries.

[¶ 4] Kilroy and his wife filed a complaint in 2004 against Northeast and Four Seasons with numerous counts including the UTPA claim. On August 22, 2005, Northeast made an offer of judgment pursuant to M.R. Civ. P. 68 for $150,000, which was rejected. Northeast made a second offer of judgment on December 29, 2005, for $200,000, which was also rejected.

[¶ 5] A jury trial was held over eleven days in January 2006. A special verdict form was submitted to the jury, which found both Northeast and Four Seasons liable for breach of contract, breach of express warranty, and unfair trade practices. The jury awarded Kilroy damages in the amount of $75,000, with Northeast responsible for $50,000 and Four Seasons responsible for $25,000. Kilroy then moved for an award of attorney fees on the UTPA claim pursuant to 5 M.R.S. § 213(2). The court denied the motion, finding that the letter written by Kilroy's attorney on November 20, 2002, was not sufficient notice that he was asserting a UTPA claim because it only alleged that the sunroom leaks were caused by negligent construction or design. The court further found that Northeast and Four Seasons had not waived the defense of lack

of notice because the defense does not go to the substantive claim, but only to the attorney fees claim "and thus there was not an occasion for the defendants to assert [the] issue previously."

## II. DISCUSSION

### A. Standard of Review

[¶ 6] We review awards of attorney fees and denials of attorney fee requests for an abuse of discretion. *Bangs v. Town of Wells*, 2003 ME 129, ¶ 7, 834 A.2d 955, 958. We review the court's authority to award attorney fees de novo. *Truman v. Browne*, 2001 ME 182, ¶ 12, 788 A.2d 168, 171. To the extent that interpretation of a statute is required in conjunction with the award or denial, we review the statutory construction de novo. *See McKeeman v. Cianbro Corp.*, 2002 ME 144, ¶ 7, 804 A.2d 406, 408. We review factual findings for clear error. *Bangs,* 2003 ME 129, ¶ 7, 834 A.2d at 958.

### B. Offer of Judgment

[¶ 7] M.R. Civ. P. 68 provides, in pertinent part:

At any time more than 10 days before the trial begins ... a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued.... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

[¶ 8] The UTPA has a provision that refers to offers of judgment:

A person receiving a demand for relief, or otherwise a party to any litigation arising from the claim that is the subject of the court action, may make a written

tender of settlement or, if a court action has been filed, an offer of judgment. If the judgment obtained in court by a claimant is not more favorable than any rejected tender of settlement or offer of judgment, the claimant may not recover attorney's fees or costs incurred after the more favorable tender of settlement or offer of judgment.

5 M.R.S. § 213(1–A).

[¶ 9] Northeast made two offers of judgment, and Kilroy rejected both of them. The amount of the judgment awarded by the jury was less than the offers of judgment. The governing statute, section 213(1–A), is clear: Kilroy may not recover attorney fees from Northeast incurred after August 22, 2005, the date of the offer of judgment, because the amount he obtained in court was less than the amount he was offered.

## C. Notice Required by the UTPA

[¶ 10] Because Four Seasons did not make an offer of judgment and because section 213(1–A) only limits the liability of Northeast for attorney fees incurred by Kilroy after the offer of judgment was made, we go on to the notice required by section 213(1–A). The issue is whether Kilroy sent a written demand for relief to Northeast and Four Seasons that complies with section 213(1–A), and if he did not, what impact the lack of notice has on his claim for attorney fees.

[¶ 11] The first sentence of section 213(1–A) states:

At least 30 days prior to the filing of an action for damages, a written demand for relief, identifying the claimant and reasonably describing the unfair and deceptive act or practice relied upon and the injuries suffered, must be mailed or delivered to any prospective respondent at the respondent's last known address.

*Id.* We have said that this provision was "designed to encourage settlement by notifying the defendant of the claim within a certain amount of time prior to the initiation of the suit." *Oceanside at Pine Point Condo. Owners Ass'n v. Peachtree Doors, Inc.,* 659 A.2d 267, 273 (Me.1995).

[¶ 12] Section 213(1–A) requires that the written demand for relief describe the unfair act and the injuries. Kilroy contends that his November 20, 2002, letter to Four Seasons sufficiently describes the unfair and deceptive act by stating that the "negligent construction and/or design" caused Kilroy's injuries.

[¶ 13] *Oceanside* provides a situation analogous to the one at hand. The Oceanside condominiums were built with windows manufactured by Peachtree. *Oceanside,* 659 A.2d at 268. When significant water damage appeared around the windows, Peachtree denied that the windows were the cause and refused to take corrective steps. *Id.* at 268–69. Prior to bringing suit for violation of the UTPA, Oceanside's builder sent a letter to Peachtree demanding action, which stated: " 'Therefore I must insist that you take whatever action is necessary to bring your windows into compliance with the appropriate design standards and repair the damage that has been done by these leaks.' " *Id.* at 269 n. 1. We concluded that the letter failed to comply with the notice requirement of section 213(1–A) because it did not include a demand for monetary relief or identify any unfair trade practices or deceptive acts. *Id.* at 273.

[¶ 14] The letter from Kilroy's attorney to Four Seasons does not include any more information about the unfair or deceptive acts than did Oceanside's letter to Peachtree. Furthermore, the letter appears to have gone only to Four Seasons and not to Northeast. The November 22, 2002, letter is not sufficient to meet the requirements

of section 213(1–A), and there is no other document that suffices. Therefore, Kilroy did not fulfill his obligation under section 213(1–A).

[¶ 15] There is no provision in the UTPA specifying a penalty for failure to provide the section 213(1–A) notice or otherwise stating the consequences of lack of notice. In *Oceanside*, we said that "[d]isallowing attorney fees and costs would be one remedy" for failing to provide notice, and that such a remedy is "consistent with the section's purpose" of encouraging settlement. *Oceanside*, 659 A.2d at 273. There, the trial court had granted summary judgment to the defendant because it found the lack of notice barred the claim. *Id.* at 269, 272. We vacated, saying that the notice requirement is not jurisdictional. *Id.* at 272–73. Because the matter had to go back to the trial court, we did not opine further on the remedy for lack of notice other than the suggestion of disallowing attorney fees and costs.

▪ [¶ 16] In *Oceanside*, we also referred to an earlier case that dealt with lack of notice in medical malpractice actions, and we stated that lack of notice is an affirmative defense. *Id.* at 273 (citing *Dougherty v. Oliviero*, 427 A.2d 487, 489 (Me.1981)). Kilroy has seized upon that concept to argue that, because affirmative defenses are waived unless raised, *see Inniss v. Methot Buick–Opel, Inc.*, 506 A.2d 212, 218 (Me.1986), Northeast and Four Seasons have waived the affirmative defense of lack of notice by failing to raise the defense in their answers to the complaint, waiting instead until Kilroy requested attorney fees.

[¶ 17] If failure to give the section 213(1–A) notice is an affirmative defense, it is only a defense to a request for attorney fees, not a defense to the entire claim. At least that is true in this case in which the defense is raised solely as a defense to an attorney fee request. Therefore, it was

not a defense that had to be raised in the initial answer. Attorney fee requests in UTPA cases are not dealt with until there is a judgment of liability and a remedy. If a defendant is going to raise lack of notice in response to an attorney fee request, the appropriate time to do so is when the fee request is actually made. The trial court was correct in concluding that the defendants had not waived the defense.

▪ [¶ 18] Finally, we come to the question of the appropriate remedy when, as here, the notice requirement of section 213(1–A) is not met. *Oceanside* suggested, as noted above, that denying attorney fees and costs is a remedy that is consistent with the purposes of the UTPA. *Oceanside* did not mandate that trial courts deny attorney fees and costs every time there is a lack of notice. We view the lack of notice as a factor that the court should take into consideration in exercising its discretion regarding the request for attorney fees. The trial court did not abuse its discretion when it found the lack of notice significant and denied fees to Kilroy.

The entry is:

Judgment affirmed.