STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-94

DONALD CAMPBELL, et al.,

       Plaintiffs

v.

ORDER

NIBOBAN ON RANGELEY
LAKE LLC and NIBOBAN CAMPS
CONDOMINIUM ASSOCIATION,

REC'D CUMB CLERKS OF
OCT 21 '21 PM2:42

       Defendants

Before the court is a motion by plaintiffs Donald Campbell et al. for attorney's fees pursuant to 13-B M.R.S. § 715(2)(A) based on the failure by defendants Niboban On Rangeley Lake LLC and Niboban Camps Condominium Association ("Niboban defendants") to produce certain corporate and condominium records for inspection as required by 13-B M.R.S. § 715 and 33 M.R.S. § 1603-118.

This action took a somewhat strange course because plaintiffs, after filing this action, sought the records by filing requests for production of documents under M.R.Civ.P. 34 rather than by simply seeking an order directing that the records be produced,. As the court noted in its order dated October 19, 2020, this meant that the plaintiffs' discovery requests merged with their claims on the merits.

They may have done this because the controversies between plaintiffs and the Niboban defendants are not limited to the disclosure of records. Those controversies include an effort by some of the plaintiffs to oppose an application by the Niboban defendants to have certain permits issued by the Land Use Planning Commission (LUPC) assigned and extended. As stated in a

position paper filed by the Campbell plaintiffs dated March 31, 2021, the plaintiffs also contemplated amending their complaint to assert claims against the Niboban defendants for such things as breach of fiduciary duty, self-dealing, and financial mismanagement.[1]

Be that as it may – and without expressing any opinion on the merits of other controversies that may exist between the parties – the Campbell plaintiffs are only entitled under 13-B M.R.S. § 715(2)(A) to costs and attorney's fees they incurred in obtaining a judicial order for inspection and copying of corporate records that had not been made available for inspection.

Plaintiffs' original application for attorney's fees and costs did not contain anything more than the assertion that the total amount of the fees incurred up to the date of the motion for attorney's fees was $ 17,589.50. Turcotte Affidavit of June 8, 2021 ¶ 4. As counsel for the Niboban defendants pointed out, the Campbell plaintiffs' original attorney's fee application did not contain any detail on how many hours were spent and on what tasks. Unless it has that information, the court cannot determine whether a fee request seeks compensation for "excessive, redundant, or unnecessary hours." *Bangs v. Town of Wells,* 2003 ME 129 ¶ 20, 834 A.2d 955.

Having been called on that issue, the Campbell plaintiffs in their reply papers submitted billing records – at a time when the Niboban defendants no longer had an opportunity to respond. Perhaps following the "shortness of life" principle, the Niboban defendants did not seek leave to respond to the new information submitted by the plaintiffs in their reply papers, but the court has reviewed the relevant entries. Although redacted, those records demonstrate that, in addition to time spent on plaintiffs' effort to obtain corporate records, time was also spent on other issues, including issues relating to the Land Use Planning Commission (LUPC) and to "clubhouse" and

---

[1] The court ultimately ruled in a June 4, 2021 order that it would not consider any motions to amend the pleadings because the discovery deadline had expired long ago.

2

"common element" issues. There are other time records from which the court cannot discern any relationship to plaintiffs' request for corporate records. It concludes, therefore, that plaintiffs' billing records demonstrate that the amount sought is not limited to the time spent in obtaining corporate records that had not been produced.[2]

While the Niboban defendants have offered evidence that the delay in providing records resulted from their acquisition of the condominium property via a bankruptcy proceeding and meant that they did not have some of the necessary records, this is disputed by plaintiffs. The court does not need to resolve this issue. The court finds that although the Niboban defendants may have provided some documents to the plaintiffs prior to the commencement of this action, the full disclosure of records called for by 13-B M.R.S. § 715 did not occur until the court's discovery order dated October 19, 2020. It will therefore award fees but only for the entries that directly relate to the demand letter, to the filing of the complaint, to plaintiffs' opposition to the Niboban defendants' ill-fated motion for arbitration, and to plaintiffs' document request resulting in the Rule 26(g) conference with the court that led to the October 19, 2020 order.

Accordingly, the court awards the Campbell plaintiffs attorney's fees in the amount of $ 4500.00 and costs of $ 298.00. No amount is awarded to the plaintiffs in connection with their fee application in light of their unjustified failure to provide the necessary billing records in their original application .[3]

---

[2] Time was also spent on various motions to drop and add parties as plaintiffs to the litigation but the court does not see how this mattered to any success obtained in this action.

[3] According to the complaint, plaintiffs' demand for records was made to defendant Niboban Camps Condominium Association, which is a nonprofit corporation. Complaint ¶¶ 1, 38. Accordingly the award is only against the Association and not against defendant Niboban on Rangeley Lake LLC.

3

The entry shall be:

Attorney's fees and costs in the amount of $ 4798.00 are awarded to plaintiffs against defendant Niboban Camps Condominium Association.

Dated: October **21**, 2021

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 10/21/21

MCJ

Plaintiffs-John Turcotte, Esq.
Defendants-Timothy Norton, Esq.

4