MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:     2017 ME 128
Docket:       Wal-16-111
Argued:       December 13, 2016
Decided:      June 22, 2017

Panel:        ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

HOMEWARD RESIDENTIAL, INC.

v.

MARIANNE A. GREGOR

HUMPHREY, J.

[¶1]  Homeward Residential, Inc., (Homeward) appeals from a judgment entered in the District Court (Belfast, *R. Murray, J.*) ordering it to pay Marianne A. Gregor's legal fees and costs pursuant to 14 M.R.S. § 6101 (2016) after dismissal of Homeward's foreclosure action against Gregor without prejudice.  Homeward argues that because it did not have standing to bring the foreclosure action, it is not "the mortgagee" within the meaning of section 6101, and the court therefore could not order it to pay Gregor's attorney fees pursuant to that statute.  In the alternative, Homeward argues that the court abused its discretion in setting the amount of fees owed and by including in that amount fees Gregor incurred pursuing an appeal.  Gregor cross-appeals,

urging us, in the event that the case is remanded, to review the court's decision not to apply a fee enhancement.  We affirm the judgment.

## I.  BACKGROUND

[¶2]  This is the second appeal to us arising out of a foreclosure action instituted against Gregor[1] in October 2011.  *See Homeward Residential, Inc. v. Gregor*, 2015 ME 108, 122 A.3d 947.  As we explained in *Gregor*, after a trial, the court determined that Homeward had not established the requisite ownership interest in the mortgage to have standing to foreclose, entered a judgment in Gregor's favor, made findings regarding an amount owed by Gregor on the relevant promissory note, and stated that "[t]he parties may relitigate issues discussed herein in a future action."  *Id.* ¶¶ 1, 11-12.  Gregor appealed, and we concluded that because Homeward lacked standing to pursue the foreclosure claim, the court could not decide the merits of the case.  *See id.* ¶¶ 22-24.  We therefore vacated the judgment in its entirety and remanded for the entry of a dismissal without prejudice.[2]  *Id.* ¶ 26.

---

[1] George J. Wulff was also named as a defendant in the foreclosure action.  He made a request for mediation, but did not otherwise appear, and he has not participated in this appeal.  *See Homeward Residential, Inc. v. Gregor*, 2015 ME 108, ¶ 4 n.2, 122 A.3d 947.

[2] We noted that during the initial foreclosure trial, a loan analyst from Ocwen Loan Servicing, LLC, (Ocwen) testified that Ocwen had been a servicer for Homeward and then, as a result of a merger, "Ocwen kind of consumed Homeward."  *Gregor*, 2015 ME 108, ¶ 9, 122 A.3d 947.  We also noted that "[t]he precise nature of the relationship between Ocwen and Homeward . . . remained

[¶3]  On remand, in October 2015, Gregor moved in the trial court for an award of legal fees and costs, arguing that the court should order Homeward to pay the attorney fees that she incurred in the litigation pursuant to 14 M.R.S. § 6101.[3]  Homeward opposed Gregor's motion, contending that it was unable to respond adequately—and that the court would be unable to set a proper fee award—because Gregor had not provided affidavits or other details describing the specific legal fees she had incurred.  Homeward did not argue that section 6101 could not apply because it was not "the mortgagee"; instead, it suggested that the court should limit any award based on various factual circumstances unrelated to its status regarding the mortgage.  Gregor replied, stating,

> What Gregor seeks first is a determination by the court that it will
> exercise its discretion to award her legal fees and costs under

---

unclear throughout the hearing."  *Id.*  Finally, we noted that "the rulings in this opinion shall bind Ocwen equally."  *Gregor*, 2015 ME 108, n.1, 122 A.3d 947.

   [3]  Title 14 M.R.S. § 6101 (2016) provides, in relevant part, that

> [i]f the mortgagee does not prevail, or upon evidence that the action was not brought in good faith, the court may order the mortgagee to pay the mortgagor's reasonable court costs and attorney's fees incurred in defending against the foreclosure or any proceeding within the foreclosure action and deny in full or in part the award of attorney's fees and costs to the mortgagee.  For purposes of this section, "does not prevail" does not mean a stipulation of dismissal entered into by the parties, an agreed-upon motion to dismiss without prejudice to facilitate settlement or successful mediation of the foreclosure action pursuant to section 6321-A.

The Legislature added this provision to section 6101 in 2011.  P.L. 2011, ch. 269, § 1 (effective Sept. 28, 2011).

4

> 14 M.R.S. §6101 due to the fact that Plaintiff did not prevail in this action. Once the court determines that Gregor should recover her fees and costs, only then it will become necessary and appropriate to determine the amount of fees and costs to be awarded.

Gregor attached a proposed order setting forth a process by which (1) the court would decide that it had the authority to order Homeward to pay Gregor's legal fees; (2) Gregor's attorney would submit a fee affidavit; (3) the parties would attempt to agree on the amount of fees owed; and (4) if the parties could not agree, Gregor's attorney would submit the affidavit to the court and the court would determine what amount of fees to award. Homeward filed no reply to this proposal.

[¶4] By order dated December 10, 2015, the court determined that it did have authority, pursuant to section 6101, to order Homeward to pay Gregor's "reasonable court costs and attorney fees."[4] The court stated that Homeward "shall be required to pay" the legal fees that Gregor incurred "in this matter," and essentially adopted Gregor's proposed order setting forth the process by which the specific award would be calculated.[5] Homeward did not seek reconsideration of the court's order.

---

[4] On the same day, the court also entered an order dismissing Homeward's foreclosure action without prejudice in accordance with our mandate in *Gregor*, 2015 ME 108, ¶ 26, 122 A.3d 947.

[5] The court stated that its attorney fees award would "run against both" Homeward and Ocwen.

[¶5]  In accordance with the process the court outlined, Gregor filed a claim for fees and expenses along with her attorney's supporting affidavit and statement of time and expenses.  In opposition, Homeward urged the court not to order Homeward to pay *all* of Gregor's fees and costs based on its view of various relevant factual circumstances.  Homeward argued, for example, that any fee award should not include Gregor's appeal-related fees and that no enhancement was appropriate.  Homeward did not raise the argument that section 6101 did not apply because, due to its lack of standing, it was not "the mortgagee."

[¶6]  In an order dated March 3, 2016, the court reiterated its determination that it had the authority to award Gregor attorney fees according to section 6101.  After considering the factors involved in determining the amount of the award, the court ordered Homeward to pay attorney fees in the amount of $59,115.[6]  This figure represented the total number of hours Gregor's attorney worked on the case—including time spent working on the appeal—multiplied by the attorney's hourly rate.  The court declined Gregor's request to impose a fee enhancement and Homeward's request to reduce the fee award.  The court discussed and rejected

---

[6] The court also ordered Homeward to pay $1,337.11 for Gregor's court-related expenses.

Homeward's argument regarding the inclusion of Gregor's appeal-related fees and noted that Homeward had not objected to the number of hours worked by Gregor's attorney, the hourly rate, or the amount of expenses. Homeward did not move for reconsideration of the court's decision.

[¶7] Homeward timely appealed, and Gregor timely cross-appealed.

## II. DISCUSSION

A. Statutory Authority to Award Attorney Fees

[¶8] Homeward first argues that the court erred when it concluded that it had the authority to award Gregor attorney fees and costs pursuant to section 6101. Specifically, Homeward argues that because we determined that it lacked standing to pursue the foreclosure action, *see Gregor*, 2015 ME 108, ¶¶ 22-24, 26, 122 A.3d 947, it is not "the mortgagee" according to section 6101, and the statute therefore cannot apply. Gregor contends that Homeward has not preserved this argument for appellate review, and we agree.

[¶9] To preserve an issue for appeal, the party seeking review must first present the issue to the trial court in a timely fashion. *Brown v. Town of Starks*, 2015 ME 47, ¶ 6, 114 A.3d 1003. Otherwise, the issue is deemed waived. *Id.*; *see Foster v. Oral Surgery Assocs., P.A.*, 2008 ME 21, ¶ 22, 940 A.2d

1102 ("An issue raised for the first time on appeal is not properly preserved for appellate review."); Alexander, *Maine Appellate Practice* § 402(a) at 243 (4th ed. 2013). "An issue is raised and preserved if there was a sufficient basis in the record to alert the court and any opposing party to the existence of that issue." *Verizon New England, Inc. v. Pub. Utils. Comm'n*, 2005 ME 16, ¶ 15, 866 A.2d 844 (quotation marks omitted).

[¶10]  In December 2015, the court expressly determined that it had discretion, pursuant to section 6101, to order Homeward to pay some or all of Gregor's legal fees.  It reiterated that decision in March 2016.  Homeward did not argue, at any point during the proceedings before the trial court, that section 6101 should be interpreted differently.  Instead, at all stages, Homeward argued only that an award ordering it to pay *all* of Gregor's fees would be inappropriate given the factual circumstances.  We cannot agree with Homeward's contention that it raised the issue in its opposition to Gregor's attorney fees request.  In fact, in that filing, Homeward asked the court to *limit* its award by excluding Gregor's appeal-related fees; argued that the fees awarded "should not be enhanced, and perhaps they should be partially reduced"; and stated that according to section 6101, "discretion is left up to [the trial court] to award fees, in whole or in part or not [at] all."

These contentions belie any semblance of an argument that section 6101 could not apply as a matter of law. Because Homeward did not present its argument to the trial court, we do not address it here.

B. Award of Attorney Fees

[¶11] We turn now to the argument that Homeward did preserve: that the court abused its discretion in setting the amount of the fee award. To analyze this issue, because Homeward did not preserve its principal argument, we must assume—without deciding—that the court did not err when it determined that section 6101 is applicable.

[¶12] We review an award of attorney fees for an abuse of discretion, *Kezer v. Cent. Me. Med. Ctr.*, 2012 ME 54, ¶ 28, 40 A.3d 955, mindful that the trial court "is in the best position to observe the unique nature and tenor of the litigation as it relates to a request for attorney fees," *Lee v. Scotia Prince Cruises Ltd.*, 2003 ME 78, ¶ 20, 828 A.2d 210. Any factual findings involved in the trial court's determination are reviewed for clear error. *Kilroy v. Ne. Sunspaces, Inc.*, 2007 ME 119, ¶ 6, 930 A.2d 1060.

1. Inclusion of Appeal-Related Fees

[¶13] Homeward contends that, contrary to the court's findings, it prevailed in the appeal portion of the foreclosure proceedings and Gregor's

appeal-related fees were not "incurred in defending against the foreclosure or any proceeding within the foreclosure action" as provided by section 6101. In the context of other statute- and rule-based attorney fees provisions, we have made clear that the issue of whether a party "prevailed" in a proceeding is a question of fact reviewed for clear error. *See Runnells v. Quinn*, 2006 ME 7, ¶¶ 14-15, 890 A.2d 713 (reviewing a court's decision to decline a request for attorney fees made pursuant to 14 M.R.S. § 1501 (2005), which provided that "the party prevailing recovers costs unless otherwise specially provided"); *Landis v. Hannaford Bros.*, 2000 ME 111, ¶¶ 5-6, 754 A.2d 958 (reviewing an award of costs pursuant to M.R. Civ. P. 54(d), which provides that "costs shall be allowed as of course to the prevailing party"). Although we have not previously reviewed attorney fees awarded pursuant to the provision of section 6101 at issue here, the same reasoning applies with equal force to the trial court's determinations of whether a party did "not prevail" and whether the fees at issue were "incurred in defending against the foreclosure or any proceeding within the foreclosure action." 14 M.R.S. § 6101.

[¶14] Thus, applying section 6101, the trial court was to "look at the lawsuit as a whole," *Landis*, 2000 ME 111, ¶ 6, 754 A.2d 958 (quotation marks omitted), to determine, as a factual matter, whether Homeward prevailed and

10

whether the fees for which Gregor sought reimbursement were "incurred in defending against the foreclosure or any proceeding within the foreclosure action," 14 M.R.S. § 6101. Here, the court expressly considered Homeward's arguments that that it prevailed in the appeal portion of the proceedings and that it was Gregor who initiated the appeal. The court determined that it was appropriate to include Gregor's appeal-related fees upon examining the proceedings as a whole, finding that Homeward "did not prevail in the foreclosure proceedings" and that the "appeal in this matter was an integral part of the overall resolution of the case." These findings are supported by the fact that the trial judgment included findings unfavorable to Gregor—findings that we decided the court should not have made. *See Gregor*, 2015 ME 108, ¶¶ 11, 24-26, 122 A.3d 947. Although the judgment was ostensibly in her favor, *see id.* ¶ 12, if she did not file an appeal, she risked being collaterally estopped from later challenging those unfavorable findings.[7] *See Penkul v. Matarazzo*, 2009 ME 113, ¶ 7, 983 A.2d 375 ("Issue preclusion, also referred to as collateral estoppel, prevents the relitigation of factual issues already

---

[7] In a residential foreclosure case similar to this one, the trial court entered a judgment in the defendant's favor based on the plaintiff's failure of proof but "reserved to the parties the right to re-litigate all issues in a properly commenced future foreclosure action." *U.S. Bank, N.A. v. Tannenbaum*, 2015 ME 141, ¶ 3, 126 A.3d 734 (alteration omitted) (quotation marks omitted). The defendant appealed. *Id.* We noted that although the appeal was from a judgment in the appellant's favor, it was cognizable because of the potential for adverse collateral consequences arising out of the portion of the judgment expressly allowing the parties to relitigate a future foreclosure action. *Id.* ¶ 3 n.2.

decided if the identical issue was determined by a prior final judgment, and the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding." (alteration omitted) (quotation marks omitted)). In these circumstances, pursuing the appeal was a continuation of Gregor's defense against Homeward's foreclosure action—an action that did not conclude until it was dismissed after remand in December 2015.[8] We therefore conclude that the court did not abuse its discretion in deciding to include Gregor's appeal-related fees in its attorney fees award.

2.    Overall Fee Award

[¶15] Homeward also argues that even if inclusion of the appeal-related fees was not an abuse of discretion, the court otherwise abused its discretion in setting the amount of the award. We are not persuaded by this argument. In determining what constitutes a "reasonable" attorney fees award, trial courts consider numerous factors including

> (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services; (4) the preclusion of other employment by the attorneys due to acceptance of the case; (5) the customary fee in

---

[8] We recently reviewed an award of attorney fees pursuant to a statute that authorized the court to "order a party . . . to pay another party or another party's attorney reasonable attorney's fees, including costs, for participation in the proceedings." *True v. Harmon*, 2015 ME 14, ¶ 7, 110 A.3d 650 (quotation marks omitted). We vacated the judgment and, based on the statute's "proceedings" language, directed that "[o]n remand, if the court decides to award attorney fees and costs to either party, *it may also consider the attorney fees and costs arising from the appeal.*" *Id.* ¶ 10 (emphasis added).

the community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by client or circumstances; (8) the degree of success; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Gould v. A-1 Auto, Inc.*, 2008 ME 65, ¶ 13, 945 A.2d 1225 (alteration omitted) (quotation marks omitted). The record demonstrates that the trial court thoughtfully considered these factors in determining that it would apply neither a reduction nor an enhancement to the "hours times rate" calculation. The court's determination was "within the bounds of reasonableness," *Pettinelli v. Yost*, 2007 ME 121, ¶ 11, 930 A.2d 1074, and we decline to disturb it.[9]

The entry is:

Judgment affirmed.

Andrew C. Feldman, Esq. (orally), Houser & Allison, APC, Boston, Massachusetts, for appellant Homeward Residential, Inc.

Thomas A. Cox, Esq. (orally), Portland, for appellee Marianne A. Gregor

Belfast District Court docket number RE-2011-108
For Clerk Reference Only

---

[9] Because we affirm the judgment, we do not reach Gregor's argument on cross-appeal regarding fee enhancement, which Gregor stated she would pursue only if we remanded the case for further proceedings.