MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2019 ME 71
Docket:        Yor-18-443
Submitted
  On Briefs:   April 24, 2019
Decided:       May 14, 2019

Panel:         SAUFLEY, C.J., and MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

LISA ROALSVIK

v.

BRETT COMACK

HJELM, J.

[¶1]  Lisa Roalsvik appeals from orders entered in the District Court (York, *Sutton, J.*) denying her motion to modify the parties' divorce judgment and her motion for the court to reconsider that order.  The orders, among other things, denied Roalsvik's request that the parties' child reside primarily with her; allocated final parental decision-making authority regarding the child's education to Brett Comack; and increased Roalsvik's child support obligation.

[¶2]   In  determining  whether  to  modify  parental  rights  and responsibilities established in an existing judgment, "the trial court engages in a two-step inquiry: [f]irst, whether since the prior order there has occurred a change in circumstances sufficiently substantial in its effect upon the child's best interest to justify a modification; and second, if so, how should the custody

2

arrangement be modified in furtherance of the child's best interest."[1] *Bulkley v. Bulkley*, 2013 ME 101, ¶ 11, 82 A.3d 116 (alterations and quotation marks omitted); 19-A M.R.S. §§ 1657(1)(A), (2) (2018).  Because at trial Roalsvik bore the burden of proof on her motion, *see Little v. Wallace*, 2016 ME 93, ¶ 13, 142 A.3d 585, she must demonstrate here that the evidence compelled the court to make the findings necessary to grant her motion.  *See Handrahan v. Malenko*, 2011 ME 15, ¶ 13, 12 A.3d 79.  Contrary to Roalsvik's assertion, the record evidence did not compel the court to conclude that it would be in the child's best interest to reside primarily with her.  *See* 19-A M.R.S. § 1653(3) (2018).

[¶3]  Additionally, the court did not abuse its discretion by denying Roalsvik's motion for reconsideration because the motion comprised a reiteration of arguments that she had already presented to the court and allegations of events that occurred only after the hearing was held and the record was closed.  *See* M.R. Civ. P. 7(b)(5); M.R. Civ. P. 59(e); *Shaw v. Shaw*, 2003 ME 153, ¶¶ 7-8, 12, 839 A.2d 714.

[¶4]  We write only to address two issues that Roalsvik raises on this appeal.

---

[1]  The parties do not dispute that a "substantial change in circumstances" existed—specifically, the relocation of each party and their inability or unwillingness to communicate with each other effectively.  *See* 19-A M.R.S. § 1657(2) (2018).  Only the child's best interest is at issue.

[¶5]  The first issue relates to the recommendation presented by the court-appointed guardian ad litem.  The day-long motion hearing included the presentation of testimony from the parties and a number of others, including the GAL, whose report is also part of the record and whose ultimate recommendation to the court was supportive of Roalsvik's motion.  Near the end of Comack's examination of the GAL, Roalsvik objected to several of Comack's questions that were designed to challenge the GAL's opinion on certain aspects of the case, but the court overruled most of those objections.  Immediately after the last of those colloquies and as the GAL's testimony concluded, the court explained,

> The Court values the [GAL's] input, but the Court is not going to just do what the [GAL] says.  The Court's going to make a decision based solely on the best interest of the child, using the statutory factors that the Court needs to consider.  It's lovely to have a [GAL] in this place.  It's lovely to have a report.  But I'm not a rubber stamp for the [GAL].
>
> With that said, [the GAL] put an enormous amount of time into the report, his testimony.  And I want to know every aspect of what he has to say.

Largely from this, Roalsvik asserts that "the court summarily dismissed the [GAL's] report, testimony and recommendations regarding primary residency."

[¶6]   For two reasons, Roalsvik's claim reflects a fundamental misunderstanding of the court's remarks.  First, utterly contrary to Roalsvik's

4

view of the way the court treated the GAL's recommendation, the court's statement constitutes an explicit expression of its intention to take the recommendation seriously and a recognition of the value that a GAL's investigation and recommendation can provide to the court in these often difficult cases. Indeed, the court explained that it wanted to know "every aspect" of the GAL's reasoning—an approach illustrated by the court's rulings that overruled Roalsvik's own objections to a number of Comack's questions that explored the GAL's opinion. The court's order did not specifically refer to the GAL's recommendation, and its ultimate conclusion differed from the GAL's. Nonetheless, particularly given that Comack's cross-examination of the GAL generated testimony that could reasonably be seen to bring several aspects of the GAL's recommendation into question, it cannot be fairly maintained that the court improperly ignored or "summarily dismissed" the GAL's testimony. Indeed, the record establishes just the opposite.

[¶7] This ties into the second element of the court's comment quoted above, namely, that the court intended to adjudicate the question of where the parties' child should primarily reside "based solely on the best interest of the child, using the statutory factors that the Court needs to consider" and not based "just" on a "rubber stamp" acceptance of the GAL's recommendation.

This is an indelibly correct statement of the court's responsibility to exercise its independent judgment based on the record as a whole and within the analytical framework established by the Legislature. Here, the court was presented with the testimony of multiple witnesses—including the GAL—and voluminous exhibits. Consistent with what the court told the parties it would do, the court stated plainly in its order that its decision was based on that full record and that it had considered "each" of the statutory factors that pertain a proper analysis of the child's best interest. *See Vibert v. Dimoulas*, 2017 ME 62, ¶ 15, 159 A.3d 325 ("The judgment of the trial court is entitled to very substantial deference because the court is able to appraise all the testimony of the parties and their witnesses." (alteration and quotation marks omitted)); *see also In re Caleb M.*, 2017 ME 66, ¶ 27, 159 A.3d 345 ("The weight and credibility of the testimony and other evidence, *including GAL reports*, is for the fact-finder's determination." (emphasis added) (quotation marks omitted)). Roalsvik's contention that the court's analysis was incomplete is without merit.

[¶8] The second of Roalsvik's contentions that warrants comment is her assertion that the court erred by denying her motion for reconsideration. Two of the grounds for that motion comprised events that occurred only after the hearing was held, and, for that reason, the court did not err by denying the

6

motion.[2] One of those post-hearing developments was the birth of Roalsvik's new child with her new wife several weeks after the hearing, which could affect Roalsvik's child support obligation relating to the parties' child. *See* 19-A M.R.S. § 2006(5)(A) (2018) (stating that a child support obligation is subject to adjustment based on the obligor's legal obligation to support a child in that party's household other than the child who is the subject of the child support order). Although at the motion hearing the court was presented with evidence of the expected due date, it would have been premature for the court to adjust Roalsvik's child support obligation pursuant to section 2006(5)(A)—and in fact Roalsvik never argued to the court that it should do so, thereby waiving the issue, *see Homeward Residential, Inc. v. Gregor*, 2017 ME 128, ¶ 9, 165 A.3d 357 ("To preserve an issue for appeal, the party seeking review must first present the issue to the trial court in a timely fashion. . . . Otherwise, the issue is deemed waived.") (quotation marks and citation omitted)). The other post-hearing development was that soon after the judgment was issued, Comack changed employment, which could affect the calculation of child support if Comack's income also changed as a result.

---

[2] As noted above, *see supra* ¶ 3, the remaining ground for the motion was a restatement of arguments Roalsvik had already presented to the court and thus did not constitute a proper basis for reconsideration. *See* M.R. Civ. P. 7(b)(5).

[¶9]  Even though the court properly denied the motion for reconsideration, should Roalsvik seek a modification of child support based on these changed circumstances, the issue can be addressed promptly, and even without a hearing if none is requested or the matter is otherwise uncontested, provided that the amount of the proposed child support obligation is not less than that set out in the guidelines.  *See* 19-A M.R.S. § 2009(6) (2018); *see also Higgins v. Wood*, 2018 ME 88, ¶¶ 25-27, 189 A.3d 724.  Additionally, no filing fee will be required if the motion is limited to a modification of child support.  Revised Court Fees Schedule and Document Management Procedures, Me. Admin. Order JB-05-26 (as amended by A. 7-18) (effective July 1, 2018); M.R. Civ. P. 120.  Consequently, the only issue raised in Roalsvik's motion that might merit the court's attention can be presented in an efficient manner and resolved expeditiously.

The entry is:

Judgment affirmed.

8

Anthony P. Shusta II, Esq., Law Offices of Anthony P. Shusta II, Madison, for appellant Lisa Roalsvik

Keri J. Marshall, Esq., Marshall Law, PLLC, East Kingston, New Hampshire, for appellee Brett Comack

York District Court docket number FM-2015-170
FOR CLERK REFERENCE ONLY