STATE OF MAINE
CUMBERLAND, ss.

STEPHEN JOYCE and
CINDA JOYCE,

Plaintiffs,

v.

MARTINA M. SULLIVAN

Defendant.

ORDER ON DEFENDANT'S MOTION TO
RECONSIDER AND MOTION TO STAY

REC'D CUMB CLERKS OFC
NOV 15 '21 PM3:59

Before the Court is Defendant Martina M. Sullivan's Motion styled as "Motion to Reconsider Sanctions and Dismissal of Plaintiff's Motion to Compel Arbitration and Motion to Stay." For the following reasons, the Court denies the Motion.

I.      Background

On or about November 29, 2012, Defendant entered into an agreement with Plaintiffs Stephen and Cinda Joyce regarding the common boundary of their respective properties ("the Boundary Agreement"). (Compl. ¶ 1; Pls.' Ex. 1.) Paragraph 9 of the Boundary Agreement provides that any disputes arising under the Boundary Agreement "shall be resolved by binding arbitration with a mutually agreed upon arbitrator" ("the Arbitration Clause"). (Pls.' Ex. 1, ¶ 9.)

On June 17, 2021, Plaintiffs filed the Complaint and Application to Compel Arbitration, in which Plaintiffs allege that Defendant has refused to comply with the terms of the Arbitration Clause. Defendant moved to dismiss the Complaint for failure to state a claim upon which relief may be granted. In addition, Defendant moved for the imposition of sanctions on Plaintiffs' counsel and Plaintiffs. In an Order dated September

27, 2021, the Court denied both motions. Defendant failed to file an answer within ten days after the Court's Order.

Now, Defendant has filed her Motion to Reconsider Sanctions and Dismissal of Plaintiff's Motion to Compel Arbitration and Motion to Stay. Plaintiffs oppose the Motion.[1]

## II. Discussion

### A. Recusal

Defendant asserts that the undersigned should recuse herself in this matter because Defendant's appeal of a decision of the undersigned in a separate matter is currently pending before the Law Court. Maine Code of Judicial Conduct Canon 2.11 provides: "A judge shall disqualify or recuse himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned . . . ." Canon 2.11 provides a non-exhaustive list of circumstances which may cause a judge's impartiality to reasonably be questioned. A judge may not recuse when recusal is not required. *See In re Michael M.*, 2000 ME 204, ¶¶ 10-15, 761 A.2d 865.

The grounds asserted for recusal in Plaintiff's Motion to Reconsider do not justify recusal. The undersigned is not aware of any other reason why her impartiality might reasonably be questioned. Moreover, the undersigned has no personal bias or prejudice concerning any party and no personal extrajudicial knowledge of disputed facts in this proceeding. Accordingly, the undersigned declines to recuse herself in this matter.

### B. Defendant's Motion for Stay

---

[1] In their opposition, Plaintiffs request that the Court issue an order compelling the parties to comply with the terms of the Arbitration Clause regarding selection of an arbitrator and providing that, in the event the parties cannot select an arbitrator within thirty days from the date of the Court's order, the Court will appoint an arbitrator. However, as there is no pending motion for judgment on the pleadings or motion for default judgment, granting the relief prayed for in the Complaint would be premature at this juncture.

Defendant requests that the Court stay this matter pending the Law Court's decision in the aforementioned appeal. The appeal is in a separate matter to which Plaintiffs are not parties. No Maine Rule of Civil Procedure provides that the Court may stay a proceeding under such circumstances. Accordingly, the Court denies Defendant's request to stay.

## C. Defendant's Motion to Reconsider

A motion for reconsideration "shall not be filed unless required to bring to the court's attention an error, omission or new material that could not previously have been presented." M.R. Civ. P. 7(b)(5). "Rule 7(b)(5) is intended to deter disappointed litigants from seeking to reargue points that were or could have been presented to the court on the underlying motion." *Shaw v. Shaw*, 2003 ME 153, ¶ 8, 839 A.2d 714 (quotation marks omitted); *see Roalsvik v. Comack*, 2019 ME 71, ¶ 3, 208 A.3d 367.

Defendant raises no errors, additional arguments, or new facts in her Motion to Reconsider. Her Motion is merely re-argument, in violation of Rule 7(b)(5). Accordingly, the Court denies her Motion.

## III. Conclusion

For the foregoing reasons, the Court denies Defendant's Motion to Reconsider and Motion to Stay.

The entry is:

Defendant's Motion to Reconsider Sanctions and Dismissal of Plaintiff's Motion to Compel Arbitration and Motion to Stay is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: __11/15/2021__

_[signature]_

MaryGay Kennedy, Justice
Maine Superior Court

Entered on the Docket: __11/16/2021__

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-2021-239

STEPHEN JOYCE and
CINDA JOYCE,

        Plaintiffs,

v.

MARTINA M. SULLIVAN

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER ON DEFENDANT'S MOTION TO
DISMISS AND MOTION FOR SANCTIONS

REC'D CUMB CLERKS OFC
SEP 27 '21 PM1:52

Before the Court is Defendant Martina M. Sullivan's Motion to Dismiss and Motion for Sanctions. For the following reasons, the Court denies both motions.

## I.    Factual Background

The following is drawn from the factual allegations of Plaintiffs Cinda and Stephen Joyce's Complaint, which the Court accepts as true for the purpose of considering Defendant's Motion to Dismiss. On or about November 29, 2012, Defendant entered into an agreement with Plaintiffs regarding the common boundary of their respective parcels of land ("the Boundary Agreement"). (Compl. ¶ 1; Pls.' Ex. 1.) Paragraph 9 of the Boundary Agreement provides that any disputes arising under the Boundary Agreement "shall be resolved by binding arbitration with a mutually agreed upon arbitrator." (Pls.' Ex. 1, ¶ 9.) The Boundary Agreement provides that if the parties cannot agree on an arbitrator, then each party must designate an arbitrator, and the two arbitrators will select a third arbitrator to arbitrate the dispute. (Pls.' Ex. 1, ¶ 9.)

In January 2021, Defendant contacted Plaintiffs, seeking to arbitrate a dispute regarding the terms of the boundary agreement. (Compl. ¶ 3.) The parties agreed upon

an arbitrator and began preliminary arbitration proceedings. (Compl. ¶ 4.) Before holding a hearing on the dispute, the arbitrator withdrew from the matter. (Compl. ¶ 5.)

Since the arbitrator's withdrawal, Plaintiffs have demanded arbitration and have sought agreement with Defendant on a new arbitrator. (Compl. ¶ 6.) Plaintiffs proposed a list of three arbitrators and requested that Defendant agree to one of the proposed arbitrators or propose names of her choosing. (Compl. ¶ 6.) Defendant objected to each of the proposed arbitrators, and did not propose a new arbitrator. (Compl. ¶ 7.) Defendant has indicated that she would prefer to resubmit the matter to the original arbitrator, if he becomes available. (Compl. ¶¶ 7, 10.) Plaintiffs have not agreed to resubmit the matter to the original arbitrator, and it is unclear if or when the original arbitrator will become available. (Compl. ¶ 7.)

On June 17, 2021, Plaintiffs filed the Complaint and Application to Compel Arbitration. Plaintiffs request that the Court compel this matter to arbitration pursuant to the arbitration clause of the Boundary Agreement. Defendant moves to dismiss the Complaint for failure to state a claim upon which relief may be granted. In addition, Defendant moves for the imposition of sanctions on Plaintiffs' counsel and Plaintiffs.

## II. Motion to Dismiss Standard

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the allegations in the complaint, not the sufficiency of the evidence the plaintiffs are able to present." *Barnes v. McGough*, 623 A.2d 144, 145 (Me. 1993) (internal citation omitted). The court shall "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem'l Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123. The court views the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to

relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher,* 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.* (quoting *Saunders,* 2006 ME 94, ¶ 8, 902 A.2d 830).

## III. Discussion

### A. Defendant's Motion to Dismiss

Maine and federal policy strongly favor arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983); *Snow v. Bernstein,* 2017 ME 239, ¶ 10, 176 A.3d 729. Accordingly, Maine courts will typically compel arbitration "if (1) the parties have generally agreed to arbitrate disputes, and (2) the party seeking arbitration presents a claim that, on its face, is governed by the arbitration agreement." *Roosa v. Tillotson,* 1997 ME 121, ¶ 3, 695 A.2d 1196.

Defendant argues that Plaintiffs have failed to state a claim upon which relief can be granted. In the Complaint, Plaintiffs allege that the parties agreed to arbitrate all disputes arising under the Boundary Agreement and that this dispute concerns the parties' obligations under the Boundary Agreement. Plaintiffs allege that Defendant has failed to comply with the arbitration clause of the Boundary Agreement by failing to cooperate in the selection of a new arbitrator. Thus, dismissal of the Complaint is not warranted.

### B. Defendant's Motion for Sanctions

M.R. Civ. P. 11 provides as follows:

> The signature of an attorney or party constitutes a representation by the signer that the signer has read the pleading or motion; that to the best of the signer's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. . . . If a pleading or motion is signed with intent to defeat the purpose of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, upon a represented party, or upon both, an appropriate sanction . . . .

M.R. Civ. P. 11.

Defendant argues that the Court should impose sanctions on Plaintiffs pursuant to Rule 11 because the Complaint "lacks merit" and is "misleading," among other reasons. (Def.'s Mot. Sanctions ¶¶ 1-7.) Defendant does not allege any specific facts indicating that Plaintiffs filed the Complaint in bad faith or for an improper purpose. Moreover, none of Defendant's remaining contentions, if true, would justify sanctions under Rule 11. Thus, imposition of sanctions would be inappropriate.

## IV. Conclusion

For the foregoing reasons, neither dismissal of the Complaint nor imposition of sanctions on Plaintiffs is warranted. Accordingly, Defendant's Motion to Dismiss and Motion for Sanctions must be denied.

The entry is:

Defendant's Motion to Dismiss Plaintiffs' Complaint is DENIED.

Defendant's Motion for Sanctions is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 9/27/2021

MaryGay Kennedy, Justice
Maine Superior Court

Page 4 of 4