STATE OF MAINE
CUMBERLAND, ss.

BUSINESS & CONSUMER COURT
LOCATION: PORTLAND
DOCKET NO. BCD-CIV-2021-00058

NECEC TRANSMISSION, LLC, et al., )
)
    Plaintiffs & Intervenors, )
) ORDER DENYING PLAINTIFF-
      v. ) INTERVENOR HQUS'
) MOTION FOR RECONSIDERATION
BUREAU OF PARKS AND LANDS, et )
al., )
)
    Defendants & Intervenors. )

Before the Court is a Motion for Reconsideration brought by Plaintiff-Intervenor H.Q. Energy Services (U.S.) Inc. ("HQUS"). The motion is directed at the Court's order of January 9, 2023, which granted in part Defendant-Intervenor Natural Resource Council of Maine's ("NRCM") Motion to Dismiss Complaint of HQUS.[1] For the reasons stated, the Motion for Reconsideration is denied.

<u>DISCUSSION</u>

"Motions for reconsideration … shall not be filed unless required to bring to the court's attention an error, omission or new material that could not previously have been presented." M.R. Civ. P. 7(b)(5). Rule 7(b)(5) does not provide a means for parties to "reargue points that were or

---

[1] HQUS filed a five-count Complaint-in-Intervention. Count I seeks a declaratory judgment as to vested rights; Count II as to separation of powers; Count III under the Contracts Clause; Count IV as to targeted legislation; and Count V under the Articles of Separation. The dismissals were without prejudice as to Count I and Count III to the extent HQUS' asserted rights in addition to or independent of Plaintiffs NECEC Transmission, LLC's and Avangrid Networks, Inc.'s ("Plaintiffs") Counts I and III.

1

could have been presented to the court on the underlying motion." M.R. Civ. P. 7(b)(5) advisory note to 2000 amend., May 2000, Me. Judicial Branch website/rules/rules-civil.

HQUS first argues that it was error for the Court to dismiss Count III of HQUS' complaint on ripeness grounds because HQUS' Contracts Clause claim is ripe for judicial redress. (Mot. for Recons. 4-5.) HQUS asserts the Court erred by not considering its Contracts Clause claim as a theory of relief in the alternative to its vested rights claim under Maine Rule of Civil Procedure 8(a), and that its claim provides a concrete and specific legal issue for judicial consideration. The Court disagrees. The Court dismissed Plaintiffs' Contracts Clause claims as moot. Order Granting State Defs.' Mot. Dismiss All Claims Against The Bureau, *NECEC Transmission LLC v. Bureau of Parks & Lands*, slip op. at 1-4 (Me. B.C.D. Jan. 3, 2023). It would be inconsistent with that decision to reverse course here with respect to HQUS' Count III to the extent it is duplicative of Plaintiffs' claims. Insofar as HQUS' Count III goes beyond Plaintiffs' Count III, the Court's dismissal was without prejudice. Hardship to HQUS will not necessarily result from the Court's withholding review at this stage. *See Blanchard v. Town of Bar Harbor*, 2019 ME 168, ¶ 20, 221 A.3d 554. HQUS retains a live vested rights claim under Count I of its complaint. Until its vested rights are adjudicated there cannot be a controversy concerning HQUS' various contractual arrangements concerning the Project. *See Kittery Retail Ventures v. Town of Kittery*, 2004 ME 65, ¶ 38, 856 A.2d 1183 (quotation marks omitted) (courts must consider whether a legislative enactment impairs the party's contractual relationships).

HQUS next argues that it was prejudicial error for the Court to apply as binding authority to dismiss Counts II and IV of HQUS' complaint what it qualifies as "ambiguous statements of dicta" from *NECEC Transmission LLC* and *Black*, the Law Court's recent decisions concerning

2

the Project.[2] (Mot. for Recons. 5-7.) First, the Court disagrees that these statements constitute dicta. In *NECEC Transmission LLC*, the Law Court provided a "brief explanation" to answer the separation of powers and targeted legislation questions because that was all that those questions required. *NECEC Transmission LLC*, 2022 ME 48, ¶ 30, 281 A.38 618. It did not "decline to address" those questions, as it did for others. *Id.* ¶ 31. Moreover, HQUS had ample opportunity to argue its separation of powers claim when it litigated the underlying Motion for Preliminary Injunction, as well as the related appeal.[3] Likewise, HQUS, while not a named party in *Black*, presented its targeted legislation argument in that case as amicus curiae. Rule 7(b)(5) does not permit HQUS' to reargue either claim here. *See Roalsvik v. Comack*, 2019 ME 71, ¶ 3, 208 A.3d 367.

HQUS' third argument is that it was prejudicial error for the Court to apply a preliminary ruling as binding authority leading to dismissal of Counts II and V of its complaint. (Mot. for Recons. 7-8.) HQUS' Count II is commensurate with Plaintiffs' Count II, which the Court dismissed not in reliance on its Order Denying Plaintiffs' Motion For Preliminary Relief, *NECEC Transmission LLC v. Bureau of Parks & Lands*, No. BCD-CIV-2021-00058, 2021 Me. Bus. & Consumer LEXIS 2 (Dec. 16, 2021), but on the Law Court's treatment of the separation of powers issue. Order Granting Mots. Dismiss Pls.' Count II Separation Of Powers Claim And Den. In Part Pls.' Mot. J. Pleadings, *NECEC Transmission LLC v. Bureau of Parks & Lands*, No. BCD-CIV-2022-00058, slip op. at 1-3 (Me. B.C.D. Jan. 5, 2023) (quoting *NECEC Transmission LLC*, 2022 ME 48, ¶ 30, 281 A.3d 618). Additionally, in dismissing HQUS' Count V, the Court did not rely

---

[2] *NECEC Transmission LLC v. Bureau of Parks & Lands*, 2022 ME 48, 281 A.38 618; *Black v. Bureau of Parks & Lands*, 2022 ME 58, -- A.3d --.

[3] Order Den. Pls.' Mot. Prelim. J., *NECEC Transmission LLC v. Bureau of Parks & Lands*, No. BCD-CIV-2021-00058, 2021 Me. Bus. & Consumer LEXIS 2 (Dec. 16, 2021), *certifying questions to NECEC Transmission LLC v. Bureau of Parks & Lands*, 2022 ME 48, 281 A.38 618.

exclusively on its Order Denying Plaintiffs' Motions for Preliminary Relief, *NECEC Transmission LLC v. Bureau of Parks & Lands*, No. BCD-CIV-2021-00058, 2021 Me. Bus. & Consumer LEXIS 2 (Dec. 16, 2021). The Court also acknowledged that, separate from the grounds underlying its preliminary ruling, HQUS faces issues with both prudential and constitutional standing in the context of its Count V.

Finally, HQUS argues that the Court's order granting dismissal of its claims caused prejudicial error because it peremptorily barred HQUS from setting forth certain of its legal arguments regarding Counts II, IV, and V of its complaint, and from establishing a record for appellate review. (Mot. for Recons. 8-17.) As noted above, Rule 7(b)(5) does not provide a means for parties to "reargue points that were or *could have been* presented to the court on the underlying motion." M.R. Civ. P. 7(b)(5) advisory note to 2000 amend., May 2000, Me. Judicial Branch website/rules/rules-civil (emphasis added). In its motion, HQUS presents a summary of the argument it "would have sought to make" but for the Court's order dismissing its complaint. (Mot. for Recons. 8.) These arguments are of the sort that Rule 7(b)(5) discourages.

CONCLUSION

For all of these reasons, HQUS' Motion for Reconsideration is DENIED.

So Ordered.

Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order by reference on the docket for this case.

Dated: __02/13/2023__

_____
Michael A. Duddy
Judge, Business & Consumer Court

Entered on the docket: 02/13/2023

NECEC TRANSMISSION, LLC, et al., )
)
    Plaintiffs & Intervenors, )
)  ORDER DENYING IN PART AND
        v. )  GRANTING IN PART DEFENDANT
)  INTERVENORS' MOTION TO DISMISS
BUREAU OF PARKS AND LANDS, et )  COMPLAINT OF HQUS AND STATE
al., )  DEFENDANTS' MOTION TO DISMISS
)  CERTAIN PARTIES AND CLAIMS
    Defendants & Intervenors. )
)

Pursuant to M.R. Civ. P. 12(b)(6), Defendant-Intervenors Natural Resources Council of Maine ("NRCM") and Initiators, and Defendant Maine Public Utilities Commission ("PUC")[1] have filed motions (the "Motions") to dismiss the Complaint-in-Intervention filed by H.Q. Energy Services (U.S.) Inc. ("HQUS").[2] The Motions are denied to the extent they seek to dismiss the claim of HQUS which merely restates the vested rights claim of Plaintiffs contained in Count I of the Verified Complaint.[3] As discussed below, the Motions are granted to the extent they seek to dismiss the additional and independent claims of HQUS.

## STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), courts "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d

---

[1] All other State Defendants have been dismissed from the case.

[2] All of the Plaintiff-Intervenors filed Complaints-in-Intervention, but only HQUS used its Complaint-in-Intervention to state claims in addition to or independent of the claims contained in Plaintiffs' Verified Complaint.

[3] The Court has previously dismissed Counts II and III of Plaintiffs' Verified Complaint. Thus, to the extent the Complaints-in-Intervention of HQUS or of the other Plaintiff-Intervenors are based on those claims, the claims of the Complaints-in-Intervention are similarly dismissed. The only claim remaining for trial is the Count I vested rights claim contained in the Verified Complaint, and as replicated in the Complaints-in-Intervention.

123. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id*. (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id*. (quotation marks omitted).

DISCUSSION

HQUS filed a five count Complaint-in-Intervention. HQUS Count I seeks a declaratory judgment as to vested rights. To the extent the HQUS Count I replicates the Count I vested rights claim presented by Plaintiffs in Count I of the Verified Complaint, the Motions are denied.

It appears, however, that the HQUS Count I goes beyond Plaintiffs' Count I. HQUS appears to assert vested rights in a series of contracts, agreements, and payments it will lose if the Project is not completed. HQUS Compl. ¶¶ 5-12. The parties spar over whether these types of expectancies can give rise to a vested rights claim. The Court need not step into the skirmish. The fate of the Project has not yet been decided. Accordingly, HQUS's vested rights claims are premature and not yet ripe. Since there is not yet a current controversy as to those rights, HQUS's Count I claim is not justiciable to the extent it goes beyond that of Plaintiffs' Count I. *Blanchard v. Town of Bar Harbor*, 2019 ME 168, ¶¶ 19-21, 221 A.3d 554. Accordingly, to the extent the HQUS Count I goes beyond the Count I vested rights claim presented by Plaintiffs in Count I of the Verified Complaint, the HQUS Count I is dismissed, but without prejudice.

HQUS Count II seeks a declaratory judgment as to separation of powers. This Court has already dismissed Plaintiffs' Count II separation of powers claims. Order Granting Mots. Dismiss Pls.' Count II, *NECEC Transmission LLC v. Bureau of Parks & Lands*, No. BCD-CIV-2022-00058, slip op. at 1-3 (Me. B.C.D. Jan. 5, 2023). Further, this Court has already considered and

2

rejected HQUS's arguments regarding separation of powers. Order Den. Pls.' Mot. Prelim. J., *NECEC Transmission LLC*, No. BCD-CIV-2021-00058, 2021 Me. Bus. & Consumer LEXIS 2, at *42-48 (Dec. 16, 2021). Accordingly, HQUS Count II is dismissed in its entirety.

HQUS Count III seeks a declaratory judgment as to the Contracts Clause. This Court has already dismissed Plaintiffs' Count III Contracts Clause claim as moot. Order Granting State Defs.' Mot. Dismiss All Claims Against The Bureau, *NECEC Transmission LLC*, slip op. at 1-4 (Me. B.C.D. Jan. 3, 2023). The HQUS Count III claim goes beyond Plaintiffs' Count III. HQUS asserts Contract Clause rights in a series of contracts, agreements, and payments it will lose if the Project is not completed. HQUS Compl. ¶¶ 5-12, 22a-22e. The parties spar over whether these types of expectancies can give rise to a Contracts Clause claim. The Court need not step into the debate. The fate of the Project has not yet been decided. Accordingly, HQUS's Contract Clause claims are premature and not yet ripe. Since there is not yet a current controversy as to those rights, HQUS's Count III claim is not justiciable. *Blanchard*, 2019 ME 168, ¶¶ 19-21, 221 A.3d 554. Accordingly, HQUS Count III is dismissed, but without prejudice to the extent it asserts rights based on its own contracts.

HQUS Count IV seeks a declaratory judgment as to targeted legislation. However, the Law Court has already determined the Initiative does not unconstitutionally target Plaintiffs or the Project. *NECEC Transmissions LLC v. Bureau of Parks & Lands*, 2022 ME 48, ¶ 30, 281 A.3d 618; *Black v. Bureau of Parks & Lands*, 2022 ME 58, ¶ 44 n.13, __ A.3d __; *NECEC Transmission LLC*, slip op. at 1-3 (Me. B.C.D. Jan. 5, 2023). Accordingly, HQUS Count IV is dismissed.

HQUS Count V seeks a declaratory judgment as to the Articles of Separation. The Court has already addressed and rejected HQUS's Articles of Separation arguments. *NECEC Transmission LLC*, 2021 Me. Bus. & Consumer LEXIS 2, at *20 n.14. Notwithstanding any merit

to HQUS's argument that judicial review is permissible to determine for which "beneficial public uses" public lots are held in trust, the Court need not endeavor to do so here. There is no present application of section IV of the Initiative that would give HQUS standing in this case. Accordingly, HQUS Count V is dismissed.

CONCLUSION

For all these reasons, the Motions are DENIED in part and GRANTED in part.

HQUS Count I is dismissed, but only to the extent it purports to bring claims in addition to or independent of Plaintiffs' Count I in the Verified Complaint. The dismissal is without prejudice. HQUS Count II is dismissed. HQUS Count III is dismissed, but without prejudice to the extent it asserts rights based on its own contracts. HQUS Counts IV and V are dismissed.

So Ordered.

Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order by reference on the docket for this case.

Dated: **01/09/2023**

Michael A. Duddy
Judge, Business and Consumer Court

Entered on the docket: 01/09/2023

4