STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss.                                     CIVIL ACTION
                                                  DOCKET NO. RE-19-61

THE CANDACE M. BRETON         )
LIVING TRUST, et al.,         )
                              )
            Plaintiffs,       )
                              )
       v.                     )        **ORDER ON MOTION FOR**
                              )        **RECONSIDERATION**
PAUL DIONNE, et al.,          )
                              )
            Defendants.       )


Defendant Lake Living Realty, LLC ("Defendant") seeks reconsideration of

the court's order dated June 8, 2022, denying Defendant's motion to amend the

pleadings. For the following reasons, the motion for reconsideration is denied.

## PROCEDURAL HISTORY

The complaint in this case was docketed on November 6, 2019. On September

17, 2021, Defendant filed a motion both to extend the deadline to amend the

pleadings, which had passed, and to amend its affirmative defenses and to add a

counterclaim of adverse possession. On June 8, 2022, the court (*Stokes, J.*) denied

Defendant's motion, reasoning that Defendant had not demonstrated good cause to

extend the amendment deadline and that allowing Defendant "to interject a claim of

adverse possession [more than two years into the litigation] would be unfairly

prejudicial to the Plaintiffs and would unnecessarily complicate and prolong this

litigation." On June 21, 2022, Defendant filed a motion pursuant to M.R. Civ. P.

60(b)(6) asking the court to "reconsider" its order of June 8. Defendant asked to be

1

heard on the motion.[1] The plaintiffs oppose the motion. The court conducted an oral argument on August 29, 2023.

## DISCUSSION

Defendant filed his motion pursuant to M.R. Civ. P. 60(b)(6), which permits the court to relieve a party from a "final judgment, order, or proceeding for...any ...reason justifying relief from the operation of the judgment." That rule, however, applies by its terms to final judgments. *See Merrill v. Merrill*, 449 A.2d 1120, 1125 (Me. 1982) (explaining that Rule 60(b) "permits the court...to relieve a party from final judgment for any of the six reasons articulated in the rule"); *see also Ezell v. Lawless*, 2008 ME 139, ¶ 18, 955 A.2d 202 ("Relief pursuant to Rule 60(b)(6) is an extraordinary remedy that may be granted only when the more particularized circumstances set out in the other subsections of Rule 60(b) do not apply.").

Because Defendant seeks reconsideration of an interlocutory order, the court instead treats Defendant's motion as a request for reconsideration pursuant to M.R. Civ. P. 7(b)(5). *See U.S. Bank Nat'l Ass'n as Tr. for RASC 2005KS9 v. Manning,* 2020 ME 42, ¶ 31, 228 A.3d 726 (explaining that Rule 7(b)(5) governs a motion to reconsider an order that is not a final judgment). A motion for reconsideration of an order "shall not be filed unless required to bring to the court's attention an error, omission or new material that could not previously have been presented." M.R. Civ. P. 7(b)(5). "Rule 7(b)(5) is intended to deter disappointed litigants from seeking 'to

---

[1] For reasons that are unclear, it appears that neither the motion nor Defendant's request for a hearing was presented to Justice Stokes prior to his assuming active retired status. The file was recently reassigned to the undersigned.

2

reargue points that were or could have been presented to the court on the underlying motion.'" *Shaw v. Shaw*, 2003 ME 153, ¶ 8, 839 A.2d 714 (quoting M.R. Civ. P. 7, Advisory Committee's Notes (May 1, 2000)); *see Roalsvik v. Comack*, 2019 ME 71, ¶ 3, 208 A.3d 367 (affirming the denial of a motion for reconsideration when the motion presented "allegations of events that occurred only after the hearing was held and the record was closed").

Here, Defendant argues that the court's order denying his motion to amend is based on the "false premise" that the amendment would delay the litigation. Defendant points out that this case has not yet been placed on a trial list despite having been filed in 2019. Plaintiffs counter that they would need to conduct additional discovery to defend against a new claim of adverse possession.

The court appreciates Defendant's frustration at the slow pace of the litigation and intends to place this case on its next trial list. Defendant's motion, however, ultimately is an attempt to reargue points that were made in its motion to amend. Defendant has not identified "an error, omission, or new material that could not previously have been presented." M.R. Civ. P. 7(b)(5).

The entry is:

Defendant's Motion for Reconsideration is DENIED. The clerk is directed to schedule this case for a trial management conference at the earliest available date.

The clerk is directed to incorporate this order on the docket by reference pursuant to M.R. Civ. P. 79(a).

3

DATED: 8/30/23

Julia M. Lipez
Justice, Superior Court

4