STATE OF MAINE                              SUPERIOR COURT
KENNEBEC, ss.                               CIVIL ACTION
                                            DOCKET NO. RE-22-45


SHANE CHAPUT, et al.,              )
                                   )
          Plaintiffs,              )
                                   )          **ORDER ON MOTION FOR**
v.                                 )          **RECONSIDERATION AND**
                                   )          **MOTIONS TO DISMISS**
                                   )
CHRISTOPHER S. SAWYER, et al.,     )
                                   )
          Defendants.              )
                                   )


Plaintiffs (Shane and Rosemarie Chaput, Woodland Camp Condo Association, and Tall Pines Trust, hereinafter "Plaintiffs") seek reconsideration of the court's decision dated February 17, 2023, ordering the joinder of additional parties. For the following reasons, the motion for reconsideration is denied.

## BACKGROUND

The initial complaint in this case, docketed on August 29, 2022, named as defendants Christopher Sawyer and Alanna York ("York Defendants"). Plaintiffs and the York Defendants own property on a peninsula that protrudes out into Great Pond in Belgrade, Maine. Plaintiffs' Complaint, in part, sought a declaratory judgment as to the parties' rights in two private roadways that access Plaintiffs' and the York Defendants' properties: Chester Thwing Road and New Woodland Camp Road.

On September 14, 2022, the York Defendants filed a motion seeking either dismissal of the complaint for failure to join necessary parties or, in the alternative, joinder of the necessary parties pursuant to M.R. Civ. P. 19(a)(2). On February 23, 2023, the court (*Cashman, J.*) denied the motion to dismiss, but granted the joinder motion in part, ordering Plaintiffs to file an amended complaint joining as necessary parties the owners of properties situated to the north of the York Defendants' property on the peninsula ("Other Peninsula Owners") and the owners of properties over which Chester Thwing Road runs ("Chester Thwing Owners") (collectively, "Other Property Owners").

On April 25, 2023, Plaintiffs filed an Amended Complaint naming the Other Property Owners as parties-in-interest. On May 12, 2023, the York Defendants moved to dismiss the Amended Complaint because Plaintiffs had not named the necessary parties as plaintiffs or defendants. On August 1, 2023, the court denied the motion to dismiss, but ordered Plaintiffs to amend their complaint again to name the newly joined parties as defendants rather than parties-in-interest.

Plaintiffs filed a Second Amended Complaint on August 16, 2023, this time naming the Other Property Owners as defendants in the action.[1] On August 30, the court issued an order giving Plaintiffs 90 days from the filing of the Second Amended Complaint to serve the additional parties.

---

[1] The Second Amended Complaint joins a total of 39 Other Property Owners as defendants.

On November 2, 2023, Plaintiffs moved the court to reconsider its previous order joining the Other Property Owners. The York Defendants have opposed the motion. On November 16, 2023, with the agreement of Plaintiffs and the York Defendants, the court stayed the deadlines in this case pending further order of the court.

It appears from the court's records that service on the Other Property Owners is now complete, although the court seeks confirmation from Plaintiffs that this is the case. The court has received three motions to dismiss from Other Property Owner Defendants.[2] Plaintiffs do not oppose the motions; the York Defendants take no position. The court has not received answers from most of the Other Property Owner Defendants.

## DISCUSSION

### *Motion for Reconsideration*

Plaintiffs have filed a motion for reconsideration of the court's previous order of joinder pursuant to M.R. Civ. P. 7(b)(5). *See U.S. Bank Nat'l Ass'n as Tr. for RASC 2005KS9 v. Manning*, 2020 ME 42, ¶ 31, 228 A.3d 726 (explaining that Rule 7(b)(5) governs a motion to reconsider an order that is not a final judgment).[3] A

---

[2] The court has received motions to dismiss from Holly Smith and James Smith; Steve Tagtmeier and Katherine Tagtmeier; and Steven Arnold.

[3] Plaintiffs also cite M.R. Civ. 60(b) as a basis for their motion. *See* M.R. Civ. P. 60(b)(6) (permitting the court to relieve a party from a "final judgment, order, or proceeding for . . . any . . . reason justifying relief from the operation of the judgment.") That rule, however, applies by its terms to final judgments. *See Merrill v. Merrill*, 449 A.2d 1120, 1125 (Me. 1982) (explaining that Rule 60(b) "permits the court . . . to relieve a party from final judgment for any of the six reasons articulated

3

motion for reconsideration of an order "shall not be filed unless required to bring to the court's attention an error, omission or new material that could not previously have been presented." M.R. Civ. P. 7(b)(5). "Rule 7(b)(5) is intended to deter disappointed litigants from seeking 'to reargue points that were or could have been presented to the court on the underlying motion.'" *Shaw v. Shaw*, 2003 ME 153, ¶ 8, 839 A.2d 714 (quoting M.R. Civ. P. 7, Advisory Committee's Notes (May 1, 2000)); *see Roalsvik v. Comack*, 2019 ME 71, ¶ 3, 208 A.3d 367 (affirming the denial of a motion for reconsideration when the motion presented "allegations of events that occurred only after the hearing was held and the record was closed").

Here, Plaintiffs, relying on several Law Court cases[4], argue that while the Other Property Owners may be proper parties to the litigation, they are neither necessary nor indispensable parties. Pl. Mot. 9. Plaintiffs acknowledge "the lack of a Law Court case" addressing a key question here: "whether all persons who hold an easement over servient property must be joined as necessary parties in a suit by one of them to enforce that easement." *Id.*

The court has reviewed the cases Plaintiffs cite and has concluded that Plaintiffs' motion ultimately is an attempt to reargue points that were made in its

---

in the rule"); *see also Ezell v. Lawless*, 2008 ME 139, ¶ 18, 955 A.2d 202 ("Relief pursuant to Rule 60(b)(6) is an extraordinary remedy that may be granted only when the more particularized circumstances set out in the other subsections of Rule 60(b) do not apply.").

[4] Plaintiffs' motion explores, among other cases, *Avaunt v. Town of Gray*, 634 A.2d 1258, 1261 (Me. 1993), *Sleeper v. Loring*, 2013 ME 112, 83 A.3d 769, *Sanseverino v. Gregor*, 2011 ME 8, 10 A.3d 735, and *Muher v. Broad Cove Shore Ass'n*, 2009 ME 37, 968 A.2d 539.

4

opposition to the York Defendants' initial motion to dismiss. Plaintiffs have not identified "an error, omission or new material that could not previously have been presented." M.R. Civ. P. 7(b)(5). Thus, the court finds that reconsideration is improper, and likely would lead to more confusion where dozens of Other Property Owners have now been served and joined as parties to this litigation.

*Motions to Dismiss*

The court must still decide whether to allow those Other Property Owners who wish to dismiss themselves from the litigation to do so. Plaintiffs do not oppose those motions to dismiss. While the York Defendants take no position, they have argued to the court that:

> Joinder does not mean that the necessary parties are required to be active participants in the litigation. If they believe that their rights are not, in fact, imperiled by the litigation, they are absolutely free to reach their own resolution, whether by not appearing at all, settling with [Plaintiffs], or *voluntarily dismissing themselves from the case.*

Def. Opp. Mot. 5-6 (Nov. 22, 2023) (emphasis added).

The court agrees with this analysis. In its February 17, 2023, Order requiring joinder of the Other Property Owners, the court noted the importance of joining parties whose property and/or easement interests might be affected by the litigation. The court concludes that where both Plaintiffs and certain named defendants agree that the litigation does not have the potential to impact their rights, dismissal of those defendants is proper. *See* M.R. Civ. P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."); *cf. Muther v. Broad Cove*

5

*Shore Ass'n*, 2009 ME 37, ¶ 9, 968 A.2d 539 (joinder is required where the absence of unnamed parties will "prejudice the interests of absent parties").

The court will accordingly set deadlines, as ordered below, for those Other Property Owner Defendants who have not answered the Second Amended Complaint to notify the court whether they wish to remain as parties to this litigation.

The entry is:

1. Plaintiffs' Motion for Reconsideration is DENIED.

2. The Motion to Dismiss filed by Defendants Steve Tagtmeier and Katherine Tagtmeier is GRANTED and they are dismissed as parties from this lawsuit.

3. The Motion to Dismiss filed by Defendants Holly Smith and James Smith is GRANTED and they are dismissed as parties from this lawsuit.

4. The Motion to Dismiss filed by Defendant Steven Arnold is GRANTED and he is dismissed as a party from this lawsuit.

5. Plaintiffs shall confirm by February 20, 2024, whether all the Other Property Owner Defendants have been served.

6. By February 26, 2024, the Other Property Owner Defendants who have been served shall either file an answer to the Second Amended Complaint or notify the court in writing that they wish to be dismissed from this lawsuit because they do not believe the litigation has the potential to affect their rights.

7. By March 11, 2024, the Plaintiffs and the York Defendants shall notify the court of their respective positions on any motions to dismiss filed by Other Property Owner Defendants. The Plaintiffs and the York Defendants shall each do so through an omnibus filing that addresses all pending motions.

8. The court will thereafter act on any pending motions to dismiss, and then set this matter for a status conference to discuss with the remaining parties a new scheduling order.

6

The clerk is directed to incorporate this order on the docket by reference pursuant to M.R. Civ. P. 79(a).


DATED:     February 6, 2024                    _____
                                               Julia M. López
                                               Justice, Superior Court